NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY, COM-
PLAINANT, APPELLANT, *v.* OBION COUNTY *et al.,* DE-
FENDANTS, APPELLEES.

(*Jackson,* April Term, 1931.)

Opinion filed June 11, 1931.

FENNER HEATHCOCK, R. C. ARMSTRONG and FITZGERALD HALL, for complainant, appellant.

PIERCE & FRY, for defendants, appellees.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is a suit by a taxpayer of Obion County, to determine the validity of an item of the county tax levy for 1929.

The general county levy for 1929 was made by the quarterly county court at its July term, 1929, one of the items of which was "for general road and bridge purposes forty cents on the one hundred dollars."

Following the adoption of this levy at the July term, 1929, of the quarterly county court, a resolution was adopted authorizing the county to borrow a sum not to exceed $30,000 "for the use and benefit of road and bridge work." Under this resolution a loan of $27,000 was negotiated by the county, which was added to a previous debt of $3,000 for roads and bridges. This loan, if authorized at all, was made pursuant to the authority of Private Acts 1923, chapter 103.

At the October term, 1929, of the quarterly county court, a resolution was adopted "revising" the levy made at the July term. The item of forty cents for general road and bridge purposes was not included in this revised levy, but two items, aggregating forty cents, were included in the following language: "for county road purposes and bridges twenty-five cents, . . . for funding loan for road and bridge purposes fifteen cents."

Assignments of error of the complainant attack the validity of this levy of fifteen cents, and the questions for determination are stated on the brief of the complainant as follows:

"Did Obion County have the right or authority to borrow $30,000 for road and bridge purposes, and to levy fifteen cents for the purpose of paying off said loan; and the decision of this question necessarily involves the construction of Chapter 103 of the Private Acts of 1923, and Chapter 750 of the Private Acts of 1927, said Acts applying alone to Obion County."

Since the levy of fifteen cents was obviously made by the county for the purpose of taking care of the loan above referred to, it seems to us that the taxpayer has the right to question the validity or legality of the loan, and in that way to show that the levy itself is for an illegal purpose.

Private Acts 1923, chapter 103, limited in its application to Obion County, by population classification, authorizes the county to borrow money and issue interest-bearing warrants therefor, "to pay any current indebtedness of the county or current expenses of the county, when the funds in the County Treasury are not sufficient to meet and pay such indebtedness or expense; such warrants to be made due and payable out of the tax funds of the county next due and collectible."

Complainant correctly contends that this statute does not empower the county to levy a tax to provide funds with which to pay indebtedness incurred under its authority. The statute clearly contemplates that any such loan will be paid from the proceeds of tax levies authorized by other statutes, and that the county will not borrow under the authority of this statute more than the levy otherwise authorized for the current year will enable it to pay.

This being the proper construction of the statute, the alternative contention of the complainant that the statute is unconstitutional because containing an unlaw-

ful and illegal taxing power, becomes immaterial. It is, however, contended that the statute is unconstitutional because it unduly prefers Obion County, among the several counties of the State, and unduly discriminates against its taxpayers. Complainant rests this contention upon the provisions of the Constitution of Tennessee, article 1, section 8, article 2, sections 28 and 29, and article 11, section 8; and also upon the equality and due process clause of the Fourteenth Amendment to the Constitution of the United States.

We think this contention without merit. The statute affects Obion County in its governmental functions, and the limitation of its application to a single county, whether by name or otherwise, does not violate the constitutional provisions referred to. *Nashville, Chattanooga & St. Louis Railway* v. *Marshall County,* 161 Tenn., 236, and cases therein cited.

There is nothing in the record to indicate that the money borrowed under the resolution of July, 1929, was intended to be used, or was in fact used, for any purposes other than those to which the entire proceeds of the forty cents levy made at the July term of the quarterly county court could have been lawfully applied, if that levy had been permitted to stand without revision. There is, therefore, nothing to indicate that the loan was not made for ''current indebtedness or current expenses of the county,'' as authorized by the Act of 1923.

We, therefore, sustain the constitutionality of Private Acts 1923, chapter 103, and overrule the contentions of the complainant that the loan made by Obion County, under the resolution of July, 1929, was unauthorized or illegal.

Private Acts of 1925, chapter 124, is a general road law for Obion County. By an amendment, Private Acts

1927, chapter 750, section 11, the county is authorized to levy a tax of not less than twenty cents nor more than fifty cents "for application and use by the County, Highway Commission in the construction, maintenance, and working the roads and levees, and building and repairing the bridges of the County."

If the forty cents levy made at the July term, 1929, had been permitted to stand, the quarterly county court, at a subsequent term, could lawfully have allocated any portion of its proceeds to the retirement of the indebtedness incurred under the resolution adopted at the July term. The revision of the levy at the October term seems to us nothing more than an application of a portion of this forty cents levy to the retirement of the loan, having no different or other effect than if the single levy of forty cents had been permitted to stand, with a subsequent appropriation of a portion of its proceeds to the payment of the loan.

The county was empowered to levy a tax not exceeding fifty cents, for road and bridge purposes, and to anticipate the proceeds of such a levy by a loan made under the authority of the Act of 1923. It made such a loan, and levied a total tax for road and bridge purposes within the limit authorized by statute. The levy is not rendered unlawful by reason of the fact that instead of a single levy for road and bridge purposes generally, the quarterly county court deemed it proper to divide the levy and specifically apply a portion of it to the retirement of the loan so made. This is the situation presented to us by the record, and we agree with the chancellor in holding the levy valid.

The decree of the chancellor dismissing the bill will therefore be affirmed, with costs against complainant.