STATE v. EDWARD WILLIAM FLEMING, Appellant.—No. 39463.—188 S. W. (2d) 12.

Division Two, June 11, 1945.

32

*Joseph M. Walsh* and *John L. Sullivan* for appellant.

*J. E. Taylor*, Attorney General, and *B. Richards Creech*, Assistant Attorney General, for respondent.

BOHLING, C.—Edward W. Fleming appeals from a judgment imposing a sentence of four years' imprisonment for statutory rape. (Sec. 4393, R. S. 1939.) Prosecutrix was twelve years of age.

We think defendant's claim of error in the admission in evidence, directly and by inference, of details of statements made by the prosecutrix when she made complaint concerning the crime charged against defendant to be well taken. The State contends error was not committed because (1) defendant interposed no objection to this testimony; (2) the testimony was admissible as original evidence, and (3) was also admissible, after the impeachment of the prosecutrix, to rehabilitate the prosecutrix through corroborating testimony tending to reestablish her credibility.

Prosecutrix testified on direct examination to the fact of the offense and to the fact of making complaint. She told how, while she was on the way to school one morning, defendant stopped his automobile, offered her a ride, took her to his house and committed the offense. She detailed facts, among others, in her examination in chief concerning the left front fender of defendant's automobile being torn and dented, the door of the glove compartment flying open time and again; two garage doors in the yard; some old shoes on the back porch of the house; the absence of a knob on the door to the room in which the offense occurred; and defendant, after the offense, handing her a towel having red and white blocks. She complained later in the day to, including others, her father and two police officers. She testified ''I told the police officers and then I took them over to where he lived, and I showed them the direction.'' Defendant's objection to anything prosecutrix told the police on the ground it was attempting to bolster the credibility of the witness when no attempt had been made to attack her credibility was overruled. Then: ''Q. Vaughn [prosecutrix's christian name], you say you told the police officers, then you took them to where he lived, and you showed them the direction? A. Yes, Sir.'' Thereupon, complying with the court's ruling, defendant asked that his objection be considered to run against any questions of this nature and the court responded that the record

should so show and also should show the saving of exceptions. Prosecutrix, in response to inquiry, detailed the 'route the officers took at her direction. She told about again seeing defendant's automobile; the damaged fender; the glove compartment door which opened easily; the garage doors in the yard; the shoes on the back porch; the absence of the knob on the door in the bedroom, stating "I showed them that." Defendant renewed his objections at the close of prosecutrix's examination in chief asking, first, for a mistrial and, next, that the jury be instructed to disregard the objectionable testimony. This was overruled and exceptions saved.

We shall not detail by witnesses the testimony of prosecutrix's father and the two police officers, much of which was cumulative on the matter at hand. With respect to each witness the record discloses defendant's objections were overruled and the understanding his objections were to run against all like testimony, with exceptions saved, and, at the close of the respective witnesses' testimony in chief, defendant's requests for a mistrial and, then, to have the jury instructed to disregard the objectionable testimony; all overruled with exceptions saved. Testimony adduced from these witnesses was to the effect prosecutrix said "she could point out the house"; that before they (prosecutrix, her father, and two police officers) started to defendant's house they were looking for specified things and descriptions of the things looked for were given in evidence—a man of a specified description; an automobile having a badly damaged left front fender and a glove compartment door that came open easily; two large garage doors under a tree in a yard; a rear porch with shoes on it; a bedroom door without knobs and a red and white plaid towel. Under the record only prosecutrix could have furnished these descriptions. The items were found at defendant's house and identified by prosecutrix. This occurred: One of the officers testified about defendant coming to the door; "A. . . . and when I brought the child over there I asked her if that was the man, to which she replied, 'Yes.' Q. And then what? A. Then we asked Mr. Fleming if he knew the girl. He stated he did not. Q. Well, we better avoid the hearsay, officer. Did you arrest him? A. Yes, sir."

The State's position that the issue is not before us because no objection was interposed by defendant is refuted by the record. The trial proceeded, with the consent of the court and the acquiescence of the State, on the theory defendant's objections were running against (in addition to the particular testimony at the time of the objection and exception) all testimony disclosing or tending to disclose, directly or indirectly, the details of prosecutrix's statements when she made complaint of defendant to third persons on the grounds such testimony was hearsay; self-serving insofar as it supported prosecutrix's testimony under oath and an attempt to bolster prosecutrix's credibility as a witness; and, absent any sufficient attempt to impeach prosecutrix,

was not admissible on the theory it tended to rehabilitate her credibility.

Testimony tending to establish the following facts as facts was relevant and admissible in the circumstances of the instant case for several reasons; for instance, it was descriptive of things used in the commission or at the scene of the offense and established a circumstance or circumstances connecting defendant with its commission. We refer to the fact of the damaged fender and the condition of the glove compartment door of defendant's automobile; the garage doors in the yard; the shoes on the back porch; the absence of a knob on the door, and the finding of the red and white plaid towel in defendant's bathroom. The result that this testimony also corroborated prosecutrix was more incidental to its admissibility than determinative thereof. The following cases among others support the conclusion: State v. Robinson (Mo.), 106 S. W. 2d 425, 427[5]; State v. Buschman, 325 Mo. 553, 556, 29 S. W. 2d 688, 689[1], 70 A. L. R. 904; State v. Nolan (Mo.), 171 S. W. 2d 653, 655[5]. Defendant's objections, however, were against that portion of narratives of the prosecutrix's complaint to the respective witnesses which covered, directly or indirectly, her statements to them detailing the existence of said facts in the course of her complaint.

In prosecutions of this nature involving the use of force the fact that the outraged female made complaint is competent evidence in chief; the reason sometimes advanced being that complaint negatives consent and a failure to complain carries a strong, not necessarily conclusive, presumption that her testimony of violence is false and the charge malicious and feigned. It is the general rule (one of the early cases being Rex v. Clarke (1817), 2 Stark Rep. 241, 242), although different in some jurisdictions, that the details of the statements made by the prosecutrix in her complaint are not admissible in the first instance. It is also a broadly stated general rule, so far as essential here, that details of extrajudicial statements made by a prosecutrix in making complaint or, otherwise expressed, prior extrajudicial statements consistent with a witness' testimony at the trial are admissible in evidence in rebuttal to rehabilitate the credibility of the witness after testimony establishing extrajudicial statements by the witness contradicting the witness' testimony at the trial has been introduced for impeachment purposes. 1 Hale P. C. 632, 633; East P. C. 433; 4 Black Comm. 214; 52 C. J. 1063 et seq.; 44 Am. Jur. 952 et seq.; 4 Wigmore on Evidence (3d Ed.), p. 193, D, 1, 2 (Secs. 1134 et seq., involving rape); Roscoe's Criminal Evidence (1890), p. 25; State v. Simmons (Mo.), 39 S. W. 2d 747[1]; State v. Richardson, 349 Mo. 1103, 1110[3, 4], 163 S. W. 2d 956, 960[5-7] (citing authorities); State v. Tippett, 317 Mo. 319, 324, 296 S. W. 132, 134[1, 2]; Annotations: Sweazey v. Valley Transport, Inc., 6 Wash. 2d 324, 107 Pac. 2d 567, 111 Pac. 2d 1010, 140 A. L. R. 1, 21 et seq.;

Rogers v. State, 88 Ark. 451, 115 S. W. 156, 41 L. R. A. (N. S.) 857 et seq.; State v. Griffin, 43 Wash. 591, 11 Ann. Cas. 95; Hopkinson v. Perdue, 8 Ont. L. Rep. 228, 2 Ann. Cas. 230; State v. Buschman, 325 Mo. 553, 297 S. W. 10, 70 A. L. R. 904, 910. State v. Taylor, 134 Mo. 109, 154(10, b), 35 S. W. 92, 103(10, b) repudiated the broad scope given the rule authorizing the reception of prior consistent statements found in State v. Grant, 79 Mo. 113, 133. Consult State v. Sharp, 183 Mo. 715, 736, 82 S. W. 134, 141; State v. Lawhorn, 250 Mo. 293, 306(II), 157 S. W. 344, 348[3] (and cases cited). The State does not contend that, and we perceive of no reason for, a distinction exists between the prosecutrix in a rape prosecution and other witnesses with respect to the instant issue.

█ The instant record convinces us the court endeavored to reject hearsay testimony covering details of prosecutrix's complaint but our statement of the facts discloses that through inadvertence or otherwise testimony of this nature was lodged in the State's case in chief. For instance: The officer's testimony that upon defendant coming to the door he asked prosecutrix: "If that was the man" and that her reply was: "Yes", with defendant in effect denying prosecutrix's accusation addressed to a third person, is subject to the criticisms made on the instant issue by court en Banc in remanding State v. Baldwin, 317 Mo. 759, 772, 297 S. W. 10, 15[5 et seq.], for new trial. See also State v. Kissinger, 343 Mo. 781, 785[4], 123 S. W. 2d 81, 83[4, 5] (and cases cited); State v. Young, 99 Mo. 666, 674(II), 12 S. W. 879, 881(2). The incident did not constitute an admission against interest. A different issue was ruled in State v. Buschman, supra, but our instant holding is within and not contra █ to observations found in the Buschman case (325 Mo. l. c. 556, 29 S. W. 2d l. c. 690, 70 A. L. R. l. c. 906 and (annotations) 915(2)). A contrariety of rulings exist in different jurisdictions on detailed facts of a similar nature and some confusion exists among the holdings in Missouri (see Annotation, 140 A. L. R. 129; 4 Wigmore on Evidence, notes on pp. 200, 213). We think the better rule to be: Absent the introduction of evidence to establish statements contradicting the testimony given by the witness, impeachment resulting from mere cross-examination is insufficient to render admissible prior extrajudicial consistent statements; and even though the witness be impeached by prior inconsistent statements, extrajudicial prior consistent statements on subject-matters foreign to that on which the witness was impeached remain incompetent and inadmissible.

█ The State refers us to specific portions of the record wherein it claims prosecutrix's credibility was impeached in such manner as to remove the error otherwise ensuing from the admission of this hearsay testimony. We do not agree.

There was no evidence offered of any extrajudicial statements inconsistent with prosecutrix's testimony at the trial. Her deposition

had been taken. The State's reference is to, principally, where on cross-examination defendant's counsel inquired of prosecutrix with respect to statements in her deposition that she left home at 8:15 A. M. instead of 8:10 A. M.; with respect to the specified place along the route taken that defendant had asked her certain questions, prosecutrix replying she did not remember; and with respect to what she said in her deposition concerning penetration, prosecutrix explaining that at first she did not understand just what the inquiry was about and later in the deposition attempting to indicate but stating at the trial that, after thinking it over and understanding better what was meant, the penetration might have been less than stated in the deposition.

This cross-examination of prosecutrix did not establish by competent showing any statement inconsistent with her testimony. It may have tested her memory. Mere cross-examination, although vigorous, has been held insufficient to authorize the admission in evidence of unsworn extrajudicial statements. State v. Newcomb, 220 Mo. 54, 61, 64 (III), 119 S. W. 405, 408 (3); Flach v. Ball, 209 Mo. App. 389, 400, 240 S. W. 465, 467 [3]; Long v. F. W. Woolworth Co., 232 Mo. App. 417, 427 (4), 109 S. W. 2d 85, 91 [12]; State v. Brown, 247 Mo. 715, 725 (I), 153 S. W. 1027, 1030 [1, 2]; Continental Ins. Co. v. Bair, 65 Ind. App. 502, 114 N. E. 763, 772 [22]; Annotation, 140 A. L. R. 157. Consult State v. Cooper, 71 Mo. 436, 442 (3). We do not find the deposition introduced in evidence and prosecutrix was not impeached with the scope of State v. Simmons (Mo.), 39 S. W. 2d 744 [1]; State v. Emma, 324 Mo. 1216, 1224 (I), 26 S. W. 2d 781, 784 [1-3]; Peppers v. St. Louis-S. F. Ry. Co., 316 Mo. 1104, 1115 (VIII), 295 S. W. 757, 761 [11, 12], and other cases where the testimony of a witness has been impeached by proof of his prior statements inconsistent with his testimony at the trial.

The cross-examination of prosecutrix involved no extrajudicial statements on her part relating to the damaged fender; the glove compartment door; the garage doors, the shoes, the door without any knob; and the red and white plaid towel. We think the limitation to the rule good law which restricts the admissible consistent extrajudicial prior statements to those bearing upon and rebutting the inconsistent statements adduced and which does not permit of the introduction in evidence of any and all prior statements consistent with the witness' testimony, including testimony standing thus unquestioned. Hicks v. State, 165 Ind. 440, 75 N. E. 641 [4]; Thompson v. State (Ind.), 58 N. E. 112, 113; Tyrrell v. State, 177 Ind. 14, 97 N. E. 14 [3]; Annotation, 140 A. L. R. 164. This, we think, conforms to the trend evidenced by the Missouri cases to restrict the admissibility of such hearsay evidence within reasonable bounds. Evidence of prior statements by the witness concerning subject matters not contradicted by any statement attributed to the witness is more in the nature of self-serving hearsay than evidence avoiding the effect of

38

the claimed contradictory statements. State v. Taylor, supra; State v. Sharp, supra; State v. Creed, 299 Mo. 307, 314(I), 252 S. W. 678, 680[2]; State v. Ashbrook (Mo.), 11 S. W. 2d 1037, 1040[7].

The judgment must be reversed. The only other issue presented may not arise upon a new trial. We need not discuss it.

The judgment is reversed and the cause is remanded. ▉ *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as opinion of the court. All the judges concur.