STATE of Missouri, Plaintiff-Respondent,

v.

Nathaniel **FRAZIER**, Defendant-Appellant.

No. 35915.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 1, 1975.

at the intersection of Grand and Delmar saw the defendant and two other men run out of an alley, run across the street in front of the officers, and enter a parked car. As the defendant was running he was carrying in both hands a yellow envelope which appeared to contain "some fairly large items for the size of the envelope." The defendant then threw the envelope across the seat of the waiting car and then seated himself in the rear seat of the car.

The two officers stopped their car next to the car the men had entered and observed the defendant attempt to conceal a handgun under the rear seat. The officers also observed a man in the front seat attempt to conceal a gun. The officers placed the occupants of the car under arrest for carrying concealed weapons. As the defendant got out of the car the officers discovered that the envelope was full of bottles of narcotics.

Shortly after the arrest of the suspects, two more officers arrived on the scene. These new officers had received a radio dispatch concerning the armed robbery of the drugstore which was only a short distance away. All three suspects were conveyed to the drugstore to see if an identification could be made. None of the three employees were able to identify defendant as one of the robbers. However, the employees were able to identify another of the suspects as one of the robbers, as well as the envelope and the narcotics. All three suspects were photographed in the drugstore and taken to police headquarters.

Nelson B. Rich, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Arthur Friedman, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

A jury found defendant guilty of Robbery in the First Degree By Means of a Dangerous and Deadly Weapon. [560.135 RSMo 1969, V.A.M.S.]. A prior felony conviction for forcible rape was proved, and sentence was set by the court under the Second Offender Act, § 556,280 RSMo 1969, V.A.M.S. at twenty-five years imprisonment. Defendant appeals.

On November 16, 1972 at about 10 a. m., the University Drug Store, 609 N. Grand Avenue, St. Louis, Missouri, was robbed by two armed men. The two men left the pharmacy carrying a manila envelope containing seven bottles of Schedule II narcotics. Shortly thereafter, two plainclothes police officers in an unmarked police car

At police headquarters defendant made an oral confession to the police to the effect that he and one of the suspects had planned the robbery the night before; that both of the guns used in the robbery were defendant's; that defendant did not go into the pharmacy because he had a "heavy hand" and would have shot someone; and, that one of the robbers had handed defendant the narcotics as they fled the scene of the crime. At trial, the police officers related defendant's confession to the jury.

The defendant did not testify and no defense testimony was submitted to the jury.

Defendant contends that the trial court erred in overruling his objection to a portion of the prosecutor's closing argument. The argument is as follows:

"MR. FRIEDMAN: [Assistant Circuit Attorney] They were going to stick up the University Drug Store which they did, and they were going to get narcotics. They didn't want money; they didn't take money or anything else. Why? Because, then, they were going to take the narcotics out on the street and peddle—

"MR. RICH: I object to it. No evidence of this whatsoever. Highly prejudicial and—

"THE COURT: Be overruled. It's an inference that might be drawn from the evidence.

"MR. FRIEDMAN: All they wanted was narcotics and this narcotics was worth one hundred sixty to one hundred eighty bucks and then they were going to take the narcotics on the street because that's more valuable than money. And what were they going to do? Can you imagine what crimes and misery would result from that? And they were stopped because of the sharp police work of two officers, two officers who decided to get involved."

Defendant's objection to this line of argument is that: (1) There was no evidence in the record that defendant was going to sell the drugs and, therefore, there was no evidence from which such an inference could be drawn. (2) The state's comments were calculated to inflame the jury's passions against defendant so as to deny defendant a fair trial upon the charge of robbery.

The state contends that the prosecutor's arguments were reasonably inferable from the evidence, and argues further that the trial court did not abuse its discretion in allowing such comments to be made.

The question presented for our decision is whether there was an abuse of discretion in allowing the state to argue that the defendant was going to sell the stolen drugs on the streets. The trial court ruled that the argument was a proper inference from the evidence.

██ It is well settled that the permissible scope of argument rests within the trial court's discretion. The reviewing court will not disturb a ruling by the trial court unless there has been an abuse of discretion to appellant's prejudice. State v. Spears, 505 S.W.2d 92[2, 3] (Mo.1974), State v. McCreary, 504 S.W.2d 132 (Mo. App.1973). Furthermore, the state's attorney may make vigorous arguments so long as his remarks are confined to the record and the legitimate inferences to be drawn therefrom. State v. Baldwin, 358 S.W.2d 18[13] (Mo.1962).

██ We hold that in a case like this, where there is an armed robbery of a drugstore and 1800 tablets of a controlled substance are taken, it was not an abuse of discretion for the trial judge to allow the prosecutor to argue that the drugs were stolen for the purpose of selling them on the streets.

Furthermore, even assuming arguendo that the comment was improper, we believe that the alleged error would be governed by the doctrine of harmless error.

██ The rules governing harmless error are best articulated in the case of State v. Degraffenreid, 477 S.W.2d 57, 64–65 (Mo. banc 1972): "Harmless error is not grounds for reversal, State v. Spica, Mo., 389 S.W.2d 35, 53; however, error in the admission of evidence should not be declared harmless unless it is so without question." An error which in a close case might call for reversal may be disregarded as harmless when the evidence of guilt is strong. State v. Degraffenreid, supra, 65. The judgment should not be reversed when this court is fully satisfied that the error

did not contribute to the result reached in the trial court. State v. Bauman, 1 S.W.2d 153, 156[4, 5] (Mo.1927). Also see, State v. Maxwell, 502 S.W.2d 382 (Mo.App. 1973)

■ This is not a close case. Three police officers testified to an incriminating confession voluntarily made by defendant shortly after his arrest. Two officers testified that shortly before the arrest, defendant was seen running near the scene of the armed robbery carrying the envelope of stolen narcotics. We hold that under such strong evidence of guilt, the comments of the prosecutor, even if erroneous, would have only amounted to harmless error and a new trial would not be appropriate.

Defendant's remaining point on appeal is his contention that the trial court erred in admitting as evidence certain photographs. The photographs in question were taken inside the drugstore after the police took defendant and the other two suspects to the scene of the crime to see if any of the employees could make an identification. The photographs show defendant and the other two suspects standing in the drugstore. Defendant contends that the photographs were not relevant and were "misleading, confusing, and inflaming." We conclude that the point is without merit.

■ The trial court has wide discretion in admitting photographic evidence. State v. Bryant, 507 S.W.2d 672[1] (Mo. App.1974); State v. Jackson, 499 S.W.2d 467, 472 (Mo.1973). If a photograph is relevant, it is not to be excluded because it is inflammatory, unless the resulting prejudice overrides its relevancy and probative value. State v. Jackson, supra [8]. Gen-erally, if the photograph tends to corroborate the oral testimony of the state, it is admissible. State v. Jackson, supra [9].

■ Here, the testimony by the arresting officers was that defendant was arrested with two armed robbery suspects. Since defendant was not identified as one of the robbers, a necessary element of the state's case is to show a connection between defendant and the other two suspects, one of whom was positively identified as being one of the robbers. Since the testimony was that defendant was arrested with the two suspects, the photograph of defendant with the suspects corroborates this testimony.

■ The remaining task is to determine if the prejudicial effect of showing defendant in the drugstore outweighed the photographs' relevancy. It was made clear through all the trial that defendant was not identified as being one of the actual robbers. It was equally clear that defendant was arrested and taken by the police to the drugstore. In fact, the trial court's ruling on the objection was "Testimony was very clear that he [defendant] was brought there after the robbery and the pictures only portray that which occurred after the robbery at the drugstore, after these men were apprehended. The record is very clear on that." Defendant has failed to show an abuse of discretion in admitting these photographs, as he is required to do. State v. Kinder, 496 S.W.2d 335[8] (Mo.App.1973).

Finding no reversible error in this record, the judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.