STATE of Missouri, Plaintiff-Respondent,

v.

James Kenneth BROWN,
Defendant-Appellant.

No. 36336.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 9, 1975.

Application to Transfer Denied
Nov. 10, 1975.

Charles D. Kitchin, Public Defender, David M. Adams, Asst. Public Defender, James C. Jones, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Clarence Thomas, Jefferson City, J. Brendan Ryan, Circuit Atty., David McDonald, St. Louis, for plaintiff-respondent.

RENDLEN, Judge.

Defendant appeals from his conviction on three counts of first degree robbery by means of a dangerous and deadly weapon. § 560.135, RSMo 1969. Having admitted the existence of a prior conviction, he was sentenced to concurrent twenty year terms of imprisonment on each count. § 556.280, RSMo 1969.

No challenge is made to the sufficiency of the evidence; therefore, we will state only those facts necessary for disposition of defendant's points on appeal.

In the late afternoon of September 26, 1973, Edward Flynn, an employee, and several customers of the Adult Book Store on Angelica and North Broadway were robbed at gun point. While Flynn was working near the front door at the cash register, and several customers were in the back watching peep shows, Jimmie Lee Hill and defendant entered the book store followed a few minutes later by Edward White. William Hardester, an ultimate victim of the robbery, entered the store and requested change from Flynn; at that point Hill pulled a shotgun from the shopping bag he was carrying and announced the robbery. Hardester tried to leave but was stopped by defendant who threateningly ordered him to the back of the store. All the victims were forced to face the wall and bound with adhesive tape. Hardester's wedding ring, watch, wallet and money were taken, though he could not see who actually took them since he was forced to face the wall. Two police cars, summoned by a silent alarm, arrived as defendant walked from the front entrance of the building followed shortly by Hill and White. Defendant attempted to leave the scene but was caught and arrested by the police. Hill was shot and captured immediately thereafter. White escaped but was soon arrested by other officers a few blocks from the store. Hardester's wedding band and $78 were found in defendant's pocket. Defendant asserted that he had been a customer at the store and not a participant in the robbery. As impeachment of witness Hardester, defendant offered the transcript of the preliminary hearing in which Hardester testified that White, not defendant, had robbed him.

In the State's closing argument it was stated without objection that the amount of money found on defendant and the amounts taken in the robbery "correspond." During the rebuttal portion of closing argument,

the statement was repeated. This time defendant objected and the court instructed the jury "to remember what the evidence was." We shall construe this statement and action of the court as tantamount to an overruling of defendant's objection.

Defendant raises two contentions of error: (1) the State made improper argument in closing, and (2) an arresting officer was improperly allowed to testify concerning identification of the defendant made by the victims.

■ At the outset we note that appellant's brief as to Point I fails to meet the requirements of Rule 84.04(d), V.A.M.R., as it does not state "what actions or rulings of the court are sought to be reviewed." A point which merely alleges error in closing argument preserves nothing for review. State v. Rush, 495 S.W.2d 714 (Mo.App. 1973). Defendant urges that we review the point as plain error under Rule 27.20(c). While the court may consider the issue of statement on closing argument as plain error, State v. McClure, 504 S.W.2d 664, 670[11] (Mo.App.1974), such a statement will rarely affect the substantial rights of the defendant. State v. Henderson, 510 S.W.2d 813, 823[22] (Mo.App.1974); State v. May, 479 S.W.2d 451, 456[5] (Mo.1972); State v. Agee, 474 S.W.2d 817, 820[10] (Mo. 1971). Examination of the transcript discloses the complained of statement appearing in the closing argument of the assistant circuit attorney. He stated "You also recall that they took money from the defendant Brown's pocket. We know the money was taken, the amount corresponds so it is not—" Objection was interposed and defendant claims this statement was impermissible, constituting plain error. As noted above, a similar statement was made earlier without objection. In response to defendant's objection the court stated, "As I told you, members of the jury, it is up to you to remember what the evidence was." After the court had thus instructed the jury, defendant made no request for further relief.

■ In his brief defendant asserts the trial court erred in refusing to grant a mistrial because of the prosecutor's alleged improper statement yet a review of the transcript discloses that no motion for mistrial was made at the time. He cannot now be heard to complain that the trial court failed to take action not requested. State v. Bibee, 496 S.W.2d 305, 312[4] (Mo.App. 1973).

■ We further note that defendant failed to raise the issue in his motion for new trial. Construing the court's action as overruling defendant's objection, such rulings cannot be considered as preserved unless raised in the motion for new trial. State v. Jackson, 511 S.W.2d 771, 775[7] (Mo.1974); State v. Rapsberry, 452 S.W.2d 169, 172[1] (Mo.1970); State v. Henderson, 510 S.W.2d 813, 821[12] (Mo.App.1974); Rule 27.20(a), V.A.M.R. It is further significant that the evidence sustains the fact that at least $59 had been taken from the victims of the robbery. The officer who searched defendant stated he took $78 from him immediately after he was apprehended and a reasonable inference could be drawn and argued that $59 of the $78 found on defendant immediately after the robbery could have come from the victims. Such was the tenor of the argument and it is difficult to see how plain error could result under these circumstances. We find no substantial prejudice here and no manifest injustice under Rule 27.20(c).

■ Defendant next contends the court erred in refusing to grant a mistrial when one of the arresting officers testified that the victims had identified the defendant and two others. Citing State v. Degraffenreid, 477 S.W.2d 57 (Mo. banc 1972); State v. Fleming, 354 Mo. 31, 188 S.W.2d 12 (1945). In the case at bar three policemen saw defendant leaving the store, followed closely by the other two persons allegedly involved in the robbery. Defendant was apprehended immediately and returned to the store where he was identified. The other participants, Hill and White, were captured shortly thereafter. Neither de-

fendant's identity nor his presence in the store at the time of the robbery was questioned. In oral argument appellant's counsel twice conceded that identity was never at issue. The sole question at trial was whether defendant was an active participant or merely an innocent customer. It is of importance here that the evidence of guilt as to defendant was strong. Further, the questions directed to the police officer who gave the challenged testimony did not call for such testimony and the answers given were not responsive. The court properly sustained the objection, ordered the answer stricken and instructed the jury to disregard it. The motion for mistrial was denied.

■ The court in *Degraffenreid, supra* 62[12], reaffirmed the holding of Fleming that "testimony of third persons corroborating the fact that the identifying witness identified defendant [is] not admissible absent the introduction of evidence to establish statements contradicting the testimony given by the identifying witness." The court held that mere cross-examination of the identifying witness would not be sufficient impeachment to render corroboration testimony by third persons admissible. *Degraffenreid, supra* 63[12]. While the admission of such evidence is error, it may not be in all cases prejudicial. "[E]rror which in a close case might call for a reversal may be disregarded as harmless when the evidence of guilt is strong." *Degraffenreid, supra* 65[15]; *State v. Maxwell,* 502 S.W.2d 382, 393[14] (Mo.App.1973); *State v. Frazier,* 522 S.W.2d 46, 48[5] (Mo.App.1975). In *Maxwell, supra* 394[15], the court found that a hearsay recitation of the victim's description of the crime was "harmless and merely corroborative of a fact not in issue" where the defendant had asserted an alibi defense. See also *State v. Ford,* 495 S.W.2d 408, 414[6] (Mo. banc 1973); *State v. Gray,* 504 S.W.2d 825, 826[1] (Mo.App.1974). Further, *Degraffenreid* and *Fleming* involved situations in which the evidence was admitted over defendant's objection. Here the court sustained defendant's objection and in-

structed the jury to disregard the testimony. The only relief not granted was the declaration of mistrial. "The declaration of a mistrial is a drastic remedy, and the power of a trial court in this respect 'should be exercised only in extraordinary circumstances,' . . . The proper function of an appellate court in the situation we have before us is to determine whether as a matter of law the trial court abused its discretion in refusing to declare a mistrial," *State v. Camper,* 391 S.W.2d 926, 927–8[2, 4] (Mo.1965); see also *State v. Johnson,* 504 S.W.2d 23, 29[7] (Mo.1973); *State v. Flauaus,* 515 S.W.2d 873, 880[21] (Mo.App. 1974). Because of the circumstances described above and particularly since the question of identity was conceded by appellants as not an issue in the case, the error would not have been prejudicial even if the testimony had been admitted. We cannot say the failure to grant a mistrial in this case where the evidence was excluded and the jury instructed to disregard, is error.

Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.