**STATE of Missouri, Respondent,**

v.

**Theodis COKER, Appellant.**

**No. KCD 27871.**

Missouri Court of Appeals,
Kansas City District.

Feb. 9, 1976.

Motion for Rehearing and/or Transfer
Denied March 3, 1976.

Thomas M. Larson, Public Defender, Sixteenth Judicial Circuit, Richard G. Roth, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

By a verdict of a jury appellant was convicted of the commission of the crime of robbery in the first degree, and his punishment was set by it at 10 years imprisonment. In accordance with the verdict, judgment and sentence were entered of confinement in the Department of Corrections of Missouri, for 10 years.

The sole issue presented is whether the trial court erred, over appellant's objection that the testimony was hearsay, in permitting the state to elicit from police officer Gibson that two of the victims told him that they could recognize one of the suspects to the robbery.

On September 29, 1974, about 12:40 in the morning, Richard Anderson was working as the manager of Paseo Sundries, 31st and Paseo, Kansas City, Missouri. Two black men came into the store and advised Anderson that this was a holdup. One of the men had a pistol and said, " 'This is a hold up, give me your money.' " Anderson said,

" 'You know me, what are you doing this for?' ". Anderson swatted at the gun. The man with the pistol told him to hurry up, so he put the money, about $40, in a sack and the men went out the door and ran. Anderson did not know the man's name at the time of the robbery, but had seen him in the store several times before as a customer. He definitely felt he could identify him if he saw him again. Anderson and Curtis McKinney, who was working in the store at the time of the robbery, were taken by the police to police headquarters, where they looked through Lincoln High School yearbooks. McKinney knew the man because he had gone to school with him, but did not know his name. They were able to pick out the man as appellant from the yearbooks, and both made an in-court identification of appellant as the man who committed the robbery.

On direct examination both Anderson and McKinney testified, without objection, that they told an officer, or officers, at the scene of the robbery that they could identify the man who robbed the store.

Officer Gibson testified that he and officer Ingersoll responded to the report of the robbery, and took down the initial information from the witnesses and conducted a crime scene search. The testimony to which objection was made and which is the point on this appeal was: "Q. Did any of the parties, witnesses, state to you that they felt they could recognize the—MR. WATSON: Judge, I would object to that as being hearsay, what other parties may have told this witness. THE COURT: Overruled. A. Yes, they did. Q. (By Mr. Bertram) What information did you get from the witnesses that led to further investigation? MR. WATSON: Again I object to any information they may have received from other parties as being strictly hearsay. THE COURT: But isn't—step up here just a moment. [Colloquy omitted] * * * THE COURT: Well, the objection will be overruled. Q. (By Mr. Bertram) What in-

formation did you get from Mr. Anderson concerning the suspect? A. Mr. Anderson related the events of the robbery and informed me that the party—one of the parties that was involved was a regular customer and he was sure he could identify this party. * * * Q. What occurred when you brought those yearbooks down to Mr. Anderson and Mr. McKinney? A. Mr. Anderson was viewing the 1972—I believe it was the 1972 yearbook and Mr. McKinney was viewing the 1973 yearbook, and were seated next to one another and both were trying to view both books at the same time, and Mr. Anderson told me that he had seen the picture of the man that was involved— MR. WATSON: Judge, I object to this as being hearsay. THE COURT: Sustained. MR. WATSON: I ask the Court to instruct the jury to disregard the—THE COURT: The jury will disregard the last part of the answer."

Appellant relies upon *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972), and *State v. Fleming*, 354 Mo. 31, 188 S.W.2d 12 (1945), which was cited and relied upon in *Degraffenreid*. Factually, the situation here is not quite the same as in *Degraffenreid*. There the officer testified that the identifying witness actually identified defendant by means of a photograph and subsequently identified him again by selecting defendant from a lineup. Here, cumulatively, witness Gibson testified, although of a hearsay nature, that Anderson told him at the scene that he *could* identify the robber. In *Degraffenreid*, there was testimony by the 78-year old witness as to a one-on-one identification, and, as noted in the concurring opinion, the hearsay testimony of the officer may well have been the deciding factor in the jury's verdict, and that it could not be concluded that the testimony was harmless cumulative evidence. Here the testimony of Gibson that Anderson had seen in the yearbook the picture of the man that was involved was stricken. Here, there was more than one identifying witness—both Anderson and McKinney identi-

fied appellant as the robber, not only in court, but also from the yearbook and a lineup, in which, as the evidence shows, both Anderson and McKinney were seated some distance apart. The rule of harmless error in the admission of officer Gibson's testimony applies to this case. See *State v. Robinson*, 484 S.W.2d 186, 189 (Mo.1972), where although a police officer testified that the victims told him their house had been broken into and they had been raped, the hearsay testimony was non-prejudicial where both victims were present in court, were sworn as witnesses, had taken the stand, had confronted appellant, and had testified fully with respect to the crimes, and were cross-examined thoroughly (as here); *State v. Nimrod*, 484 S.W.2d 475 (Mo.1972); and note *State v. Kennedy*, 513 S.W.2d 697, 699[4] (Mo.App.1974), where hearsay testimony concerning a hospital confrontation identification was held cumulative and harmless where there was strong primary evidence of defendant's identification by the victim and a gas station attendant [here the victim, Anderson, and the eyewitness, McKinney, both testified and each identified appellant thrice—in court, the lineup, and the yearbook). The court said, in *Kennedy*, "It cannot be said, as it was in *Degraffenreid*, that the hearsay testimony was such as to 'tip the scales against [the] defendant.'" Such is the case here.

The judgment is affirmed.

All concur.