**STATE of Missouri, Plaintiff-Respondent,**

v.

**Lindell BLACK, Defendant-Appellant.**

**No. 40815.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 2, 1979.

Motion for Rehearing or Transfer Denied Nov. 20, 1979.

Application to Transfer Denied Jan. 15, 1980.

C. Clifford Schwartz, Jr., Shaw, Howlett & Schwartz, Clayton, for defendant-appellant.

Thomas L. Ray, Jr., Asst. Pros. Atty., Gary E. Stevenson, Pros. Atty., Farmington, for plaintiff-respondent.

SNYDER, Judge.

Lindell Black appeals his conviction of common assault, a misdemeanor, for which he was fined $100 and sentenced to six months of imprisonment under Section 559.-220, RSMo 1969. He alleges that the trial court erred in: (1) sentencing him to the maximum fine and term of imprisonment allowed under Section 559.220 on the basis of a presentence investigation report, the contents of which he was not given an opportunity to review; (2) overruling his objection and request for a mistrial when the prosecuting attorney asked the jury on voir dire if they understood their responsibility "to determine the Defendant's guilt and to return to the courtroom with your verdict"; and, (3) sustaining the state's objection to defense counsel's statement on voir dire that defendant was presumptively innocent.

The record discloses no error. The judgment is affirmed.

■ Defendant first contends that the trial court erred in using a Board of Probation and Parole Report in determining the sentence to be given him, because he did not have an opportunity to see it and determine its accuracy. The matter is not preserved for review, however, because defendant did not specifically request an opportunity to examine the report.

Defendant's second point relied on is the refusal of the court to sustain his objection to the state's question to the jury asking, "Do all of you understand that if you are chosen to be a juror in this criminal case today, it will be your responsibility to determine the Defendant's guilt and to return to this courtroom with your verdict?" and his request for a mistrial. He claims that this was an improper statement of the law, a one-sided statement, and that it required the jurors to commit themselves to an unconstitutional position.

■ Defense counsel did make a record on his objection, but did not move for a mistrial. The mistrial issue is not preserved for review. *State v. Hale,* 371 S.W.2d 249 (Mo.1963); *State v. Brown,* 528 S.W.2d 503 (Mo.App.1975).

The law in regard to statements of counsel on voir dire is that:

> A Trial Judge is vested with broad discretion in controlling voir dire, and his conduct and rulings will not be disturbed unless a clear, manifest and prejudicial abuse of that discretion appears. . . .
> Further, a real probability of injury to the complaining party must appear [citing cases].

*State v. Francis,* 544 S.W.2d 306, 312 (Mo. App.1976). There was no abuse of discretion. The word "determine" means, among other things, "b: to settle a question or controversy about: to decide by judicial sentence . . . c: to come to a decision concerning as the result of investigation or reasoning . . . ." Webster's Third New International Unabridged Dictionary. The jury was to make a decision or determination as to defendant's guilt. Moreover, defendant was able to present the presumption of innocence on voir dire and the presumption was read at the outset and given to the jury in Instruction No. 4. *State v. Coleman,* 441 S.W.2d 46, 51 (Mo.1969). It is unlikely that the jurors were misled by the prosecutor's question so as to infer that defendant was not presumed innocent. Defendant has not shown that the statement was prejudicial to him.

■ Finally, defendant argues that the court erred in sustaining an objection to defense counsel's statements to the jury on voir dire that defendant was presumed to be innocent. This point has not been preserved for appellate review because it was not included in defendant's motion for a new trial.

■ There was no error, however. The trial court sustained the state's objection to defendant's repeated affirmative statements to the jury concerning presumption of innocence. No objection was made to defendant's questions. The instruction on presumption of innocence was read to the jury, and given to them to take to the jury room. No prejudice arose from the refusal to permit defendant to emphasize the presumption by his repeated statements to the jury which were improper and cumulative.

The court properly sustained the prosecution's objection.

The judgment is affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.