**STATE of Missouri, Respondent,**

v.

**Gary MOSS, Appellant.**

**No. 14043.**

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 31, 1985.

Frederick W. Martin III, West Plains, for appellant.

William L. Webster, Atty. Gen., Victorine R. Mahon, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

A jury found defendant guilty of rape, § 566.030,[1] a Class B felony, and he was sentenced to five years' imprisonment. Defendant appeals.

Defendant does not challenge the sufficiency of the evidence to support the conviction. The victim was Jill Robinson and the offense took place in the early morning hours of November 11, 1983. On the evening of November 10, Jill drank beer and "shot pool" in three different taverns, Geno's, the Triangle, and Dawn's Tavern. After leaving Geno's, Jill and her estranged husband went to the Triangle. There the two of them drank some beer with defendant, with whom Jill was previously acquainted. Jill testified that her husband left and she went to another table and asked Claudia Porter and some other people "if they would give me a ride home and they said, 'yes.'" Jill said, "When we got in the truck they said they wanted to go on down to Dawn's." Although Jill did not want to go to Dawn's, she did so. Later the defendant came to Dawn's Tavern and offered to give Jill a ride home. Jill accepted the offer. Instead of taking Jill home, defendant drove her to a remote area where the offense occurred. Testifying in his own behalf, defendant admitted seeing Jill at Dawn's but denied giving her a ride and denied that he engaged in intercourse with her.

Defendant's first point is that the trial court erred in permitting the prosecutor, over defendant's objection, to elicit, on cross-examination of defense witness Officer Donnie Smith, four statements which Jill made to Smith. Before the challenged

testimony is set forth it is necessary to review earlier testimony given by Jill on cross-examination by defense counsel and by Officer Smith on direct examination by defense counsel.

Officer Smith was a criminal investigator for the Missouri Highway Patrol. On November 11, a few hours after the rape, he interviewed Jill. On November 15 he made a written report of that interview. The report, defense Exhibit 13, was used by defense counsel, on direct examination of Smith, to refresh the witness's memory. Although the report itself was not introduced into evidence, the record supports a reasonable, if not inescapable, inference that it was examined by the trial judge while making his challenged rulings.[2]

On cross-examination by defense counsel Jill testified that she gave a statement to Officer Smith. Jill could not remember whether she made these statements to Officer Smith: (1) that she told her husband at the Triangle that she would get a ride with a girl friend; and (2) that she had drunk quite a few beers that night. She admitted that she told Smith that she hit defendant with her fist as hard as she could.

On direct examination of Officer Smith, defense counsel elicited that Jill had made three statements to the officer, all of which were contained in Exhibit 13. The statements were: (1) Jill told her husband, at the Triangle, that she would get a ride with a girl friend; (2) Jill had drunk quite a few beers that night; and (3) Jill had hit defendant with her fist as hard as she could.

Defendant asserts that the trial court improperly permitted the state, on cross-examination of Officer Smith, to show that Jill made the following statements, which were also contained in Exhibit 13: (1) she had accepted a ride from defendant because he had previously acted like a gentle-

1. All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

2. At a bench conference, held outside the hearing of the jury and before the completion of the state's cross-examination of Officer Smith, the court directed the following remarks to defense

counsel: "Well, the problem is it's patently unfair to let you ask questions out of the report taken out of context and then not allow the state to put them back into the context in which they were taken out of. Something about that is wrong. I can't tell you exactly the reason. I feel it's appropriate for this to come in."

man; (2) defendant tried to kiss her and touch her breasts; (3) she tried to keep defendant away from her but he persisted in his efforts; and (4) she told defendant to stop several times but hit defendant when he tried to force himself on her.

Defendant argues that in admitting the challenged testimony the trial court violated the principle enunciated in *State v. Fleming*, 354 Mo. 31, 188 S.W.2d 12 (1945), that prior consistent statements are admissible to rehabilitate a witness only when they pertain to the subject on which the witness has been impeached by a prior inconsistent statement.

Defendant's first point has not been preserved for appellate review. When Officer Smith testified, on cross-examination by the prosecutor, that Jill made each of the four statements, no objection was made by defense counsel until after Officer Smith had answered the prosecutor's question. Defense counsel made no motion to strike Officer Smith's testimony with respect to any of the four statements.

■ An objection which is made after the witness has answered the question is untimely, *State v. Crawford*, 619 S.W.2d 735, 740[6] (Mo.1981); *State v. Wells*, 586 S.W.2d 354, 358 (Mo.App.1979), and in the absence of a motion to strike the answer the ruling of the trial court on the objection is not preserved for appellate review. *State v. Damico*, 513 S.W.2d 351, 360[10] (Mo.1974); *State v. Boyd*, 600 S.W.2d 97, 99[4] (Mo.App.1980); *State v. Decker*, 591 S.W.2d 7, 11[6] (Mo.App.1979).

■ According defendant's first point "plain error" review, Rule 30.20, V.A.M.R., which defendant has not requested, this court finds that no manifest injustice or miscarriage of justice has resulted. Jill, as the state's principal witness, gave the same testimony which is contained in the four challenged statements. It should be noted that the fourth challenged statement at least overlaps the third statement attributed to Jill by Officer Smith. It should also be noted that all four challenged statements, as well as the three elicited from

Officer Smith, were contained in Exhibit 13 and that the trial court felt that defense counsel had asked "questions out of the report taken out of context."

In *State v. Morris*, 639 S.W.2d 589 (Mo. banc 1982), and in *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981), rehabilitative statements were admitted into evidence in violation of the *Fleming* principle. In *Morris* the court pointed out that the rehabilitative statements, although improperly admitted, were identical to prior in-court testimony of the impeached witness. The court held that the challenged evidence was cumulative and its admission was harmless.

In *Haggard* a situation similar to the case at bar arose. There Goodman, a state's witness under cross-examination, denied that he had previously stated that he did not know who robbed a store. Defense counsel used the witness's deposition to show that he had previously told a police officer that he did not know who robbed the store. The state called the police officer and, over defendant's objection, read the entire statement which the witness had given the officer.

Citing the rule in *Fleming*, the supreme court said that the trial court should have confined the reading of the statement to that portion covering the subject matter on which the witness had been impeached. The supreme court said, at p. 48:

However, even if the reading of the entire statement for purposes of rehabilitation was error, there remains the question of its prejudicial effect, if any. In *State v. Degraffenreid*, 477 S.W.2d 57, 64[14] (Mo. banc 1972), the court stated: "[E]rror in the admission of evidence should not be declared harmless unless it is so without question." The court also stated: "We also are mindful that error which in a close case might call for a reversal may be disregarded as harmless when the evidence of guilt is strong."

Applying these standards, the error in reading the entire statement of Goodman was harmless. There is strong evidence of guilt in this case with the testimony of Goodman and Barnett coupled with the

testimony of the cashier. Further, the statement of Goodman which was read was identical to his in-court testimony and thus was cumulative. Even observing the caution noted in *Degraffenreid,* with reference to cumulative evidence, the admission of the statement was both cumulative and harmless.

In the case at bar the defense was alibi. Defendant testified that he was not present at the time of the alleged rape and, in effect, was not the rapist. The principal contested issue was the identity of the rapist, not the degree of force employed by him nor the degree of resistance interposed by Jill.

State's witness Kenneth Woods, a service station attendant, testified that between 1:00 a.m. and 1:30 a.m. Jill and the defendant, with both of whom the witness was previously acquainted, came to the station in defendant's car and purchased some gas. Jill got out of the car and told the witness, "Get me away from this s.o.b. He is crazy, he raped me." Woods testified, "[Jill] was scared.... It was obvious she was upset about something." Woods also testified that Jill had visible injuries to her neck and face. Those injuries were depicted in photographs identified by a physician who examined Jill at a hospital emergency room on the morning of November 11.

The challenged testimony was cumulative. Whether or not it was admissible[3] for the reason ascribed by the trial court in footnote 1, its admission was harmless. Defendant's first point has no merit.

Defendant's second point is that the trial court erred in permitting the prosecutor, over defendant's objection, to cross-examine defendant concerning whether he had consumed any drugs on the evening of the offense. Defendant asserts that the question "called for inadmissible, irrelevant evidence in that any such drug use was inflammatory, was not related to any fact issue, and constituted another crime that had no probative value and was highly prejudicial to defendant."

Events leading up to the challenged incident must be described. On cross-examination the prosecutor asked the defendant, "Did you smoke any marijuana that night?" The defendant answered, "No, sir." Defense counsel then stated, "Judge, I am going to object to that. May we approach the bench?"

During a bench conference defense counsel stated, as the ground for his objection, that "It's outside the scope of cross-examination of a criminal defendant because it's outside the scope of any questions I asked him," and "It's evidence of another crime which ... one that has nothing to do with identity or same transaction that occurred is impermissible." The prosecutor said to the court, "I think it affects his memory, Judge. He's forgotten he's raped this woman. She's got in her statement she thought he was smoking marijuana." The court stated, "I am going to let you ask if he had taken any kind of drugs, prescription or otherwise, or alcohol that would affect his ability to remember and recall the events of the evening. But I'm not going to let you ask whether or not he committed a crime."

At the conclusion of the bench conference the trial court announced, in the hearing of the jury, that the objection was sustained.

At the request of defense counsel a second bench conference was then held in which defense counsel requested a mistrial. The motion was denied. The proceedings resumed in the presence of the jury and the following took place:

Q. (By Prosecutor): Mr. Moss, on that evening had you had any prescription drugs, medicine, drugs or alcohol?

A. I drank some beer that evening but no prescription drugs.

---

**3.** "[T]he trial court has a broad discretion in determining the extent to which additional portions of a statement may be read into evidence to show the context of and circumstances under which the impeaching portion was made for the purpose of minimizing its impeaching force. *State v. Beishir,* 332 S.W.2d 898, 903 (Mo.1960)." *State v. Ward,* 682 S.W.2d 124, 126 (Mo.App. 1984).

Q. The question includes prescription drugs and any other kind of drugs.

A. No, sir.

Q. What's your answer?

A. No, sir.

The objection which defense counsel made to the prosecutor's question concerning marijuana was untimely because the defendant had already answered that question. The answer was favorable to the defense. Nevertheless, at the end of the first bench conference, the trial court sustained the objection and so instructed the jury. During the second bench conference defense counsel's request for a mistrial was denied but no complaint is made of that denial. When the prosecutor resumed interrogation, following the second bench conference, no objection was made to any of the three questions. It seems clear that an objection would have been futile, in view of the court's remarks at the earlier conference.

■ Section 546.260 provides, in part, that a defendant in a criminal case who testifies in his own behalf "shall be liable to cross-examination, as to any matter referred to in his examination in chief. . . ." This statute permits the state to cross-examine a defendant in detail with respect to matters about which he testified on direct examination. *State v. Dalton,* 433 S.W.2d 562, 563–564 (Mo.1968). With regard to the scope of cross-examination of a defendant, "the state is not confined to a categorical review of the matters covered or stated in the direct examination, but that cross-examination may cover all matters within the fair purview of the direct examination." *State v. Williams,* 519 S.W.2d 576, 578 (Mo.App.1975), quoted in *State v. Long,* 550 S.W.2d 854, 857 (Mo.App.1977).

■ A defendant who elects to testify in his own behalf may be contradicted and impeached as any other witness. *State v. Murphy,* 592 S.W.2d 727, 731 (Mo.1979). Permissible extent of cross-examination of defendant in a criminal case is largely a matter of discretion with the trial court. *State v. Harris,* 564 S.W.2d 561, 574 (Mo.

App.1978). It is impossible to lay down any definite rule as to scope of cross-examination of a defendant who testifies in his own behalf and each case is very much dependent on its own facts and background. *State v. McClinton,* 418 S.W.2d 55, 59 (Mo.1967); *State v. Scown,* 312 S.W.2d 782, 786 (Mo.1958).

Neither side has cited a Missouri case dealing with the propriety of a prosecutor asking a criminal defendant, on cross-examination, whether he was under the influence of drugs at the time of the alleged offense. In *State v. Myers,* 538 S.W.2d 892 (Mo.App.1976), the court held that it was proper for the prosecutor to inquire "into the matter of a [defense witness'] possible intoxication at the time he testified." The court said, at pp. 897–898:

A witness' abnormality is a standard ground for impeachment and one form of abnormality is that which exists when one is under the influence of *drugs* or drink. If a witness is "under the influence" *at the time of the occurrence* or at the time he testifies, this condition is provable, on cross or by extrinsic evidence, to impeach. McCormick, Law of Evidence § 45 (2d Ed.1972). The intoxication of a witness at the time he testifies goes to his credibility. *Lomax v. State,* 248 Ark. 534, 452 S.W.2d 646, 649[6, 7] (1970). Furthermore, the witness admitted he had had a few beers and was under the influence of alcohol. The inquiry was properly permitted. (Emphasis added.)

In *State v. Luckett,* 327 So.2d 365 (La. 1975), the court held, in a robbery case, that it was permissible for the state to cross-examine defendant as to his use of marijuana at the time of the alleged offense. The court said the cross-examination "represented a proper attempt to attack his credibility which was crucial to the state's case." In *People v. Talaga,* 37 Mich.App. 100, 194 N.W.2d 462 (1971), the court held that it was proper for the prosecutor to cross-examine a defendant, charged with armed robbery, on whether he was a heroin addict at the time of the

offense. The information, said the court, was "relevant and material on the question of defendant's credibility." See, generally, 65 A.L.R.3d 705 (Use of drugs as affecting competency or credibility of a witness, and specifically, § 9 containing cases dealing with cross-examination of a criminal defendant in a non-drug prosecution).

In the case at bar the permitted question did not mention marijuana, nor did it mention specifically any illicit drug. Defendant does not charge the prosecutor with lack of good faith, and the prosecutor informed the court, at the first bench conference, that in her "statement," an apparent reference to defense Exhibit 13, Jill said she thought defendant was smoking marijuana. The defendant denied using prescription drugs or any other drugs on the evening in question.

This court holds that the trial court did not abuse its discretion in permitting the prosecutor to make the inquiry with regard to the defendant's use of drugs on the evening in question. Defendant's second point has no merit.

The judgment is affirmed.

PREWITT, C.J., CROW, P.J., and MAUS, J., concur.