445 A.2d 1311

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph DEAN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 20, 1981.

Filed May 28, 1982.

Richard W. Hoy, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

MONTEMURO, Judge:

The instant case is taken as an appeal from judgment of sentence against appellant, Joseph Dean. Appellant filed post-trial motions which were argued and denied and which presented three issues of alleged error for our review: did

the lower court err (1) in denying a motion to suppress identification evidence; (2) in permitting an officer to testify as to identification made at the line-up; (3) in failing to grant mistrial for prosecutional misconduct? We find no error in the record and we affirm the judgment of sentence.

A summary of the testimony reveals the following facts: the complaining witness left her place of employment after 12:30 a. m., walked to her automobile and entered it. Before she could close the door, the appellant appeared and begged her to assist him by giving a "jump" to his disabled vehicle. She assented, and drove at his direction to a dead-end street. There he forced her to engage in oral sex and robbed her of forty-three dollars. Appellant threatened to find the complainant and kill her if she told anyone about the incident; he demanded identification to make his threat credible.

The complainant sought help and reported the facts immediately to a police officer and then to a detective. Eight days later, she recognized the defendant when he entered her place of business while assisting with a delivery of milk. The complainant succeeded in delaying the appellant and his co-worker long enough to allow the police to arrive and make an arrest. Later she selected the appellant as her assailant from a line-up.

The appellant's first argument is that this line-up was prejudicial and that his motion to suppress should have been granted. Upon review of the record, however, we find that the lower court's adjudication on motion to suppress is detailed and convincingly presents facts and law that show no prejudice to appellant. His counsel was present and participated in the arrangement of the line-up; the other participants resembled him in size, coloring, and clothing; no suggestive remarks were made by police officers to the complaining witness.

It is clear that the complainant had an opportunity to observe the appellant's face before and during his sexual assault. Her spontaneous identification of him the next week was untainted by any suggestion by others, as was her

reidentification at the line-up and in court. Introduction of identification evidence under more prejudicial circumstances has been held "harmless" in light of valid, unequivocal eyewitness identification. See e.g. *Commonwealth v. Hancock,* 455 Pa. 583, 317 A.2d 588 (1974).

■ Appellant's second allegation of error is that the lower court permitted hearsay testimony by a police officer as to the fact that complainant identified appellant in the line-up. We disagree, and find no error in the lower court's decision to permit the testimony.

A case in point is that of *Commonwealth v. Sanders,* 260 Pa.Super. 358, 394 A.2d 591 (1978), in which the court stated in part:

> . . . In a trial for rape, the fact that the woman upon whom the alleged rape was committed made complaints to persons to whom she would naturally complain, is competent evidence. . . . This would solve the problem presented here, except that the detectives testified not only that the victim made prompt complaint, but they also testified as to whom she identified as the perpetrators. . . .
>
> Here the victim identified her assailants in a police mug shot book . . . . However, we believe it was not error to permit this testimony. The declarant was present in court and could have been examined by defense counsel and the jury could have observed her demeanor as she answered questions. As Judge Spaeth observed in *Commonwealth v. Dugan,* (concurring opinion), 252 Pa.Super. 377, 386, 381 A.2d 967 at 971 . . . *The principle reason for excluding hearsay is the danger that the declarant's credibility cannot be assessed. That danger was not present here . . .*
> *Id.,* 260 Pa.Super. at 365–66, 394 A.2d at 594.

We feel that the instant situation corresponds to that in *Sanders, supra,* and *Dugan, supra,* and therefore we hold that appellant's second allegation of error is without merit. The trial court's discretion in permitting testimony by the officer on the subject of identification at line-up was properly exercised, and presents no appealable issue.

Finally, appellant alleges that behavior by the prosecuting attorney in attempting·to introduce an inadmissible statement should have led to a mistrial. Once again, we disagree and find that the lower court exercised sound discretion.

The circumstances surrounding the motions for mistrial grew out of the following circumstances: the mother of the appellant offered alibi testimony in court which conflicted with her statement given to the detective who interviewed her and her two daughters in her home two weeks after the date of the crime. Her earlier statement might be read to indicate that one daughter, Maureen, was in her home on the night of the crime. In court she stated that Maureen was not there that night. Maureen could not be located at the time of the trial.

There was some confusion as to which woman testified to which statement on the detective's report. The trial judge forbade testimony as to the content of Maureen's statement on the grounds that it was hearsay in view of Maureen's unavailability as a witness. The detective testified, out of jury hearing, that all three women signed the statement, that Maureen claimed to have been there the night of the crime and to have not seen appellant, but that the mother had consistently testified that Maureen was not home that night, despite her signature on the paper containing all three statements.

The first exchange that led to the request for mistrial is reflected in the record as follows:

Q. And this statement which you signed is different from, then, what you told the detective in that regard?

A. Yes.

Q. So that it would be inaccurate to say that your daughter was at home and did not see your son that night?

*Defense Attorney:* Your Honor, I object.

*The Court:* That's argumentative.

Sustained. (N.T. Vol. 5, 81–84)

At sidebar, the court pointed out that the question was not answered, that the district attorney was attempting to "argue to the jury through the witness", but that she "didn't get the questions across." The court offered a curative instruction if desired, but both counsel agreed that none was needed.

Later, the detective gave testimony before the jury and in passing he stated as follows:

*A.* Well, I read the complete statement that I had taken from them, interviews. (N.T. Vol. 6, 53)

Defense counsel again moved for mistrial on grounds that the officer had been instructed "not to make reference to the statements of other people involved." (N.T. Vol. 6, 54). The trial judge, however, had already ruled that testimony as to the fact of the interviewing of all three women was admissible, "they talked, all three of them." It was only the content of the statement of the missing Maureen that was not to be mentioned.

The test to be applied at motion for mistrial is whether improper evidence was admitted at trial, such as would so compromise the fact finder that it would be unable to remain impartial, thereby prejudicing appellant beyond a reasonable doubt. *Commonwealth v. Farrell,* 265 Pa.Super. 41, 401 A.2d 790 (1979). Careful scrutiny of the actual testimony shows that the hearsay statement of the daughter, Maureen, was never presented to the jury in any form. It could not, therefore, have influenced the impartial judgment of this jury to the appellant's prejudice. In an excess of caution the court once more offered curative instructions, and again the offer was declined. (N.T. Vol. 6, 54–55). The discretion of the trial judge in refusing mistrial on grounds of admission of improper evidence due to prosecutional misconduct was wisely exercised, and we affirm that decision.

There being no error on the part of the lower court, the judgment of sentence is affirmed.