**STATE of Missouri, Plaintiff-Respondent,**

v.

**Lester DAVIS, Defendant-Appellant.**

**No. 43673.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 27, 1982.

Motion for Rehearing and/or Transfer Denied Sept. 17, 1982.

Kenneth R. Singer, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., George Peach, Circuit Atty., Jefferson City, for plaintiff-respondent.

STEWART, Presiding Judge.

Defendant appeals from two convictions for robbery in the first degree in violation of § 569.020, RSMo 1978. The trial court entered judgment and sentence pursuant to jury findings of guilty on both counts. For reversal, appellant contends: 1) the trial court erred in twice failing to grant a mis-

trial when hearsay testimony was admitted into evidence; 2) the trial court erred in overruling his Motion to Suppress Identification Testimony because the lineup procedure was unduly suggestive.

The sufficiency of the evidence has not been challenged and therefore only a brief statement of the facts need be given. Other facts will be set out as they pertain to specific issues.

About 11:00 PM on January 12, 1980, Patricia Ardrey accompanied by Clara Futrell, parked her car on Taylor Avenue near Finney Avenue in the City of St. Louis. When they got out of the car, appellant approached the driver's side of the car and demanded Ardrey's purse. She could see that he had a gun in his hand and she surrendered her purse. Appellant then aimed the gun at Futrell and commanded her to slide her purse over the car and she complied. Appellant took off on foot and the women drove to the police station. They made a report to the police. At various times the women looked at photographs but did not identify anyone in the photographs shown to them as the person who had robbed them.

On January 31, the victims were taken to City Hospital to look at some suspects. Both women positively identified appellant as the robber.

■ The first point raised is that the trial court erred in denying appellant's Motion for Mistrial when a police detective testified that appellant was identified as the robber by Ardrey and Futrell at the hospital. It is claimed that this testimony was hearsay and was inadmissible since neither victim had been impeached concerning their identification of appellant at the hospital. Defendant relies on *State v. Degraffenreid,* 477 S.W.2d 57, 63 (Mo. banc 1972).

On direct examination of Detective William Zipf, the assistant prosecuting attorney asked what the officers did after they talked to Futrell and Ardrey at the hospital. The officer volunteered the following: "The subject was—after he was identified by both of the ladies ..." Appellant objected and requested a mistrial. At a side bar conference, the court sustained the objection and denied the motion for mistrial. The court then addressed the jury saying:

"Ladies and gentlemen, I have sustained counsel for the defendant's last objection. And you are instructed to disregard the last statement of the witness. It is stricken from the record."

Defendant insists that *Degraffenreid* requires the trial court to grant a mistrial. In *Degraffenreid, supra; State v. Samuel Montgomery,* 577 S.W.2d 181 (Mo.App. 1979); and in *State v. Daniel Montgomery,* 596 S.W.2d 735 (Mo.App.1980), relied upon by defendant, the trial court took no corrective action. In the case now before us, the court promptly sustained the objection and instructed the jury to disregard the volunteered statement of the police officer.

In answer to defendant's contention, we can do no better than quote from *State v. Williams,* 606 S.W.2d 777 (Mo.1980) l.c. 779:

"Given the drastic nature of the remedy of a mistrial, *Degraffenried* does not require a mistrial on every case where such testimony slips into a trial. A proper exercise of discretion is still allowed insofar as declaring a mistrial is concerned and the trial court here did not abuse its discretion."

*See also State v. Mallory,* 423 S.W.2d 721, 723 (Mo.1968). The trial court did not err in failing to declare a mistrial.

■ Defendant next contends that the trial court erred in failing to grant its requested motion for mistrial when another police officer, Detective Henderson, inferentially testified that the victims, while at the hospital, identified defendant as the man that robbed them. Defendant in effect raised the same issues discussed above with respect to the other police officer.

During the direct examination of Detective Henderson, he testified that he took the victims to the hospital and into a room where there were three black males. The officer was asked what he did after that and he said that after they looked into the room he spoke to the women separately. He started to testify as to what the ladies

told him but defendant's counsel made a general objection and moved for a mistrial. The court denied the motion and advised the officer to "answer the question specifically, officer, what you did. That's the question." The officer stated "[b]oth ladies responded that the subject that had robbed them was in fact in the room." A motion for mistrial was made and denied. The officer subsequently testified that he arrested defendant.

Defendant concedes that the general objections made by defendant at trial preserved nothing for our review. *State v. Baldwin*, 571 S.W.2d 236, 243 (Mo. banc 1978). Defendant nevertheless asks that we review the issue as plain error under Rule 30.20.

Defendant's general objection went to the testimony that the victims told the officer that "the subject that had robbed them was in fact in the room." There were three persons in the room. There was no testimony as to who was identified. Testimony such as we have here has been held not to be erroneous under *Degraffenreid, supra. State v. Taylor*, 637 S.W.2d 216 (Mo.App. 1982). Even if the questioned testimony was erroneous, it cannot be said that its admission resulted in manifest injustice or a miscarriage of justice.

Defendant's final contention is that the court erred in failing to suppress the identification testimony of the victims and in permitting them to testify as to the identity of defendant over objection at the trial because the lineup at the hospital was unnecessarily suggestive. The primary basis for defendant's contention is that the other two men in the room were not similar in appearance to defendant.

■ The issues set forth in the brief are not those raised in the motion for new trial and are not preserved for our review.[1] *State v. Jenkins*, 622 S.W.2d 281, 284 (Mo. App.1981).

■ We have nevertheless reviewed the evidence with respect to the identification of defendant by the victims. The victims were brought to the hospital to view three black men including the defendant. The defendant attempted to develope evidence respecting the dissimilarity between the three persons such as the lighter color of the skin of one of them. The trial court could have found, as it did, that the lineup was not unduly suggestive. Persons in a lineup will never be identical and the law does not require exact conformity. *State v. Montgomery*, 596 S.W.2d 735 (Mo.App. 1980).

The trial court could also have found that there was a basis independent of the lineup for the in-court identification of the defendant. *State v. Montgomery, supra.*

Based upon the totality of the circumstances, the court did not err in denying the motion to suppress and in overruling defendant's trial objections to the admission of the testimony of the victims with respect to the identity of defendant.

The judgment of the trial court is affirmed.

STEPHAN and CRANDALL, JJ., concur.

---

1. The reference to identification in the motion for new trial reads as follows:

"It was error for the trial court to overrule Defendant's 'Amended Motion to Suppress Identification' with regard to the out-of-court identification of Defendant by Patricia Artry and Sara (sic) Futrell because of these out-of-court identifications were the result of unduly suggestive police procedures; which included: (1) at least two photographic displays in which the only constant may have been the picture of Defendant, and (2) a one man hospital show-up which was not justified by the necessity of exigent circumstances. These police procedures were fundamentally unfair, unnecessarily suggestive and created a serious risk of misidentification in violation of Defendant's Fourteenth Amendment right to due process of law."