**STATE of Missouri, Respondent,**

v.

**Larry Cornell HARRIS, Appellant.**

**No. 67569.**

Supreme Court of Missouri,
En Banc.

June 17, 1986.

Holly Simons, Debra A. Buie, Office of the Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Victorine R. Mahon, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Larry Cornell Harris, convicted of attempted robbery in the first degree, § 564.-011, RSMo 1978, was sentenced to a five-year term of imprisonment. The cause was ordered transferred, following affirmance in the Court of Appeals, that we might examine the rule of admissibility as to testimony of a secondary witness introduced for corroboration of an identifying witness's unimpeached testimony concerning extrajudicial identification of the accused, enunciated in *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972).

No challenge is made to the sufficiency of the evidence, which strongly supports the guilty verdict, hence a brief recital of facts relevant to the central issue will suffice.

On the evening of March 1, 1984, appellant approached a woman on the parking lot of a fast food restaurant in the City of St. Louis, stating: "Lady this is a stickup." Displaying a gun in his waistband, appellant searched and handled the victim for "five to seven minutes." During that time he fondled her breasts and went through her dress and sweater pockets. Finding nothing except a penny, he kissed the victim on the back of the neck, stating: "Okay, baby, you can go." The victim, who had a clear view of appellant in the well lit parking lot, immediately reported the incident to police and provided a detailed description of her assailant. Within ten minutes the victim was taken in a police car to the front yard of a residence about four blocks from the restaurant parking lot where a man matching appellant's description had been spotted and detained by other officers. Appellant and two other men were promptly placed in a lineup in front of the police car but appellant had to be physically held for purpose of this observation. He repeatedly turned his face away from

view and at one point took off his hat and threw it to the ground. The victim identified appellant as the man who had assaulted and attempted to rob her.

Appellant contends a mistrial should have granted when Officer Paul Zwick, a State's witness, testified on direct examination as follows:

Q. What happened when they came back out?
A. When they came back out I had radioed for Officer Klefisch to bring the victim by for identification.
Q. Okay. Did Officer Klefisch arrive?
A. He did arrive there yes.
Q. Did he have anybody with him?
A. He had the victim.
Q. What happened then, after Officer Klefisch got there?
A. We had a lineup. We stood three subjects in front of the vehicle that the victim was in and she identified the subject as the one who had robbed her.

Counsel for the defense promptly objected to the answer and moved for a mistrial. Though the court overruled the objection and denied the motion, the prosecutor was cautioned against further inquiry as to the lineup identification. The court also indicated a curative instruction could be given but defense counsel declined this offer.

Because the victim's testimony regarding identification was unimpeached, the officer's corroborating statement regarding the lineup fell into the class of testimony described as error in *Degraffenreid*, 477 S.W.2d at 64. In that case a seventy-eight-year-old man had viewed the defendant for less than two minutes from a distance of about eighty feet. Because the identification evidence was relatively weak, the Court determined that the cumulative effect of the police officer's testimony verifying the unimpeached witness' identification of the defendant both by photo and in a lineup prejudicially "tip[ped] the scales against defendant." *Id.* at 64.

Nevertheless, the Court in *Degraffenreid* declared that admission of such evidence in other cases might constitute harm-

less error where evidence of guilt is strong. Indeed this Court in *State v. Williams*, 606 S.W.2d 777 (Mo.1980), *vacated* (on other grounds) *sub. nom. Missouri v. Greer*, 451 U.S. 1013, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981), *on remand State v. Williams*, 619 S.W.2d 63 (Mo. banc 1981) made it clear that *Degraffenreid* does not *mandate* mistrial when an officer testifies concerning a prior extrajudicial identification by a witness. *"Degraffenreid does not require a mistrial on every case where such testimony slips into a trial. A proper exercise of discretion is still allowed insofar as declaring a mistrial is concerned...."* 606 S.W.2d at 779.

Here the evidence of guilt was strong and circumstances surrounding the alleged error are such that it cannot be said the trial judge abused his discretion in failing to declare a mistrial, thus the conviction must be affirmed. Further we deem it important to reexamine the underlying rationale for having declared the admission of such evidence error in *Degraffenreid* and to determine the viability of the rule announced there.

■ It should be noted that an identifying witness may testify concerning his pretrial identification of a suspect and the same was approved without qualification in *State v. Rima*, 395 S.W.2d 102 (Mo.1965), overruling *State v. Baldwin*, 317 Mo. 759, 297 S.W. 10 (Mo.1927) which had held the admission to such testimony error. To the same effect it was stated in *State v. Quinn*, 594 S.W.2d 599, 603 (Mo. banc 1980) that testimony by the identifying witness "is not improper bolstering and it is not hearsay because it is direct testimony as to a fact about which the witness has personal knowledge."

*Degraffenreid* refused to extend this rationale to testimony of third persons who observed the witness make the pretrial identification, absent prior impeachment of the identifying witness on that issue. The Court relied on the rule of *State v. Fleming*, 354 Mo. 31, 188 S.W.2d 12 (1945), which required such impeachment "to remove the error otherwise ensuing from the admission of this hearsay testimony." 188

S.W.2d at 16. The underlying concern appears to have been not so much the hearsay quality of the testimony but the fact that it was employed for the purpose of unprovoked bolstering of the identifying witnesses' testimony. *See State v. Cook*, 628 S.W.2d 657, 659 (Mo. banc 1982). This concern was underscored in the following language:

> The state argues that the dangers sought to be avoided by the hearsay rule are obviated when the identifying witness is also present at trial and subject to cross-examination. This, of course, has always been the case. However, we believe the practical effect on a jury of the third person's hearsay corroboration of the identifying witness's testimony concerning the extrajudicial identification is to lend substantial credence to the identifying witness's testimony, and such credence is principally derived from the stature and character of the third person rather than the substantive basis for his testimony.

*Degraffenreid*, 477 S.W.2d at 64.

The fact that the majority opinion in *Degraffenreid* seemed most disturbed by the corroborative effect of the testimony yet referred simultaneously to its hearsay nature, predictably produced a checkered pattern of appellate decisions seeking to apply or, in most cases, to avoid application of *Degraffenreid*, which has rarely been an impediment to affirmance of convictions.

Where *Degraffenreid*-type evidence has been allowed, appellate decisions have gone through the formality of finding error, but no reversible error because of the strength of the case against the defendant. *See State v. Gibson*, 633 S.W.2d 101 (Mo.App. 1982); State v. Montgomery, 596 S.W.2d 735 (Mo.App.1980). In instances where objection to such evidence has been sustained but mistrial refused, deference has been shown the trial court's exercise of discretion in overruling the motion. *See State v. Davis*, 639 S.W.2d 866 (Mo.App.1982); *State v. Brown*, 528 S.W.2d 503 (Mo.App. 1975). Where evidence has been allowed but not objected to, such has typically been deemed not to have constituted plain error. *See State v. Young*, 661 S.W.2d 637 (Mo.

App.1983); *State v. Lee,* 626 S.W.2d 252 (Mo. banc 1982). Finally, some cases have distinguished *Degraffenreid* on the thin ground that the officer's testimony concerning the identification did not specifically state who was identified. *See State v. Ashford,* 620 S.W.2d 445 (Mo.App.1981); *State v. Csolak,* 571 S.W.2d 118 (Mo.App. 1978).

Despite the uniformity of result in these cases, analysis has varied under the labels of cumulative evidence, prior consistent statements, bolstering testimony and hearsay, with the terms sometimes used interchangeably. *See Shields,* 619 S.W.2d at 940 [8, 9, 10]; McCormick on Evidence § 251, p. 747–48 (3rd Ed.1984). The underlying issue and proper concern, however, has always been to what extent a witness' in-court identification may be bolstered with testimony concerning extrajudicial identification, which is usually a matter of trial court discretion. Yet *Degraffenreid,* distinguishing the victim's testimony from that of a third person, fashioned a *per se* rule against third person, unimpeached testimony describing the same as inadmissible hearsay.

■ As demonstrated in the cited cases, the *Degraffenreid* rule has rarely resulted in reversible error. It *has* however produced the formalistic ritual of appellate courts labeling this class of evidence according to the characterizations outlined above in order to avoid reversal, and undoubtedly has often led to exclusion of probative evidence by trial courts. The issue then, is whether testimony by a police officer or similar witness to a lineup or other extrajudicial identification should be admissible to the same extent as similar testimony by a crime victim who may testify that he identi-

fied the defendant in a lineup or other extrajudicial identification. There is no logical distinction between the victim's testimony and that of another person. To the extent that the *Degraffenreid* rule distinguishes these two classes of testimony based on hearsay considerations, the case is no longer to be followed. This does not foreclose the trial judge in his discretion from sustaining objections to such evidence based on other traditional grounds, but we hold today that such evidence is no longer presumptively inadmissible where declarant and the corroborating witness both testify and are subject to cross-examination.

■ It must be noted that *Degraffenreid* was technically correct in categorizing the victim's testimony as non-hearsay based on matter within his knowledge, while the third person or police officer's testimony are hearsay statements of what the victim said or did out of court. 31A C.J.S. *Evidence* § 193, p. 530–31 (1964). Nevertheless, this facile distinction fails to address the fact that in neither case does this testimony significantly relate to the underlying truth of what is being asserted—namely, that the one named in pretrial identification is the perpetrator of the crime. What this testimony does have in common is that it goes to the fact and reliability of the pretrial identification itself, in a chain-of-custody sense. If the fact of lineup or photographic identification in itself is relevant and material, then the prosecutor, or the defense should be able to prove or disprove the identification by any competent testimony.[1]

In so holding we adopt the view of a substantial number of state and federal courts as to the competence of third party testimony regarding pretrial identification.[2]

---

1. The fears expressed by the Court in *Degraffenreid* as to witnesses friendly to the prosecution or defense lining up to corroborate identifications or alibis, as the case may be, are subject to limitations of relevance and materiality within the discretion of the trial judge. There has also been an absence of notable problems in this State and others where limitations on admitting prior statements of witnesses have been totally or partially removed. The "uneasiness that a practice might develop among lawyers whereby a carefully prepared statement would be offered

in lieu of testimony, merely tendering the witness for cross-examination on the statement ... seems not to have in fact materialized...." McCormick on Evidence § 251, p. 746 (3rd ed. 1984).

2. It is difficult to precisely state the "majority view" because of the variations on the rule. Some jurisdictions allow such evidence only on rebuttal, others only to counteract a prior inconsistent statement or some other form of impeachment and others address the matter by

*See* McCormick on Evidence, § 251, p. 747–48 (3rd ed. 1984); *Gilbert v. California*, 388 U.S. 263, 272–73 n. 3, 87 S.Ct. 1951, 1956–57 n. 3 (1967). Instructive is Federal Rule of Evidence 801(d)(1)(C), defining as "not hearsay" a declarant's statement "of identification of a person made after perceiving him" where the declarant both "testifies" and is "subject to cross-examination concerning the statement." *See* D. Louisell & C. Mueller, Federal Evidence § 421, p. 204–215 (1980). In rejecting the argument of a defendant that this rule did not extend to the testimony of an FBI agent as to an eyewitness' pretrial identification, the United States Court of Appeals for the Ninth Circuit stated:

> The reasons for admitting identification statements as substantive evidence are that out-of-court identifications are believed to be more reliable than those made under the suggestive conditions prevailing at trial, and the availability of the declarant for cross-examination eliminates the major danger of hearsay testimony. * * * These reasons remain fully applicable when the person who testifies to the statement of identification is not the person who uttered it, so long as the latter also testifies and is available for cross-examination.

*United States v. Elemy*, 656 F.2d 507, 508 (1981); *accord Commonwealth v. Dean*, 300 Pa.Super. 86, 445 A.2d 1311 (1982); *People v. Robinson*, 47 Ill.App.3d 48, 5 Ill.Dec. 436 361 N.E.2d 759 (1977).

Defense counsel in the present case conducted vigorous cross-examination of both the eyewitness and the policeman. He chose not to have the trial judge issue a curative instruction with respect to the evidence in dispute. Thus we determine it was not error to have allowed the challenged testimony but caution that this type of evidence, while corroborative, must stand the test of cumulative evidence, accordingly the extent of such testimony and the number of such witnesses should be carefully confined.

Judgment is affirmed.

statute. *See* 71 A.L.R.2d 449, §§ 13–14. Suffice it to say that the orthodox view against such

HIGGINS, C.J., BILLINGS, BLACKMAR and DONNELLY, JJ., and LOWENSTEIN, Special Judge, concur.

WELLIVER, J., concurs in result in separate opinion filed.

ROBERTSON, J., not sitting.

I concur in result. I do not believe that the voluntary consideration of and attempted overruling of *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972), is necessary for the disposition of this case.

WELLIVER, Judge, concurring in result.

testimony has been severely eroded. *See also* 71 A.L.R.2d Later Case Service 449–522.