**STATE of Missouri, Respondent,**

v.

**Blaine E. JOHNSON, Appellant.**

**No. WD 37222.**

Missouri Court of Appeals,
Western District.

July 22, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Sean D. O'Brien, Public Defender, David J. Fry, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Kevin B. Behrndt, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, J., Presiding, and DIXON and LOWENSTEIN, JJ.

PER CURIAM:

Defendant appeals from his jury conviction of forcible rape, § 566.030, RSMo Supp.1984, and stealing from a person, § 570.030, RSMo Supp.1984, and consecutive sentences of 36 years and 7 years respectively.

On appeal defendant claims that the jury improperly was allowed to consider irrelevant and prejudicial testimony and that a mistrial should have been granted when a testifying police detective commented on the victim's extra-judicial identification.

In the early morning hours of January 6, 1985, the 20-year-old complainant found herself stranded in a bus station in downtown Kansas City, Missouri. Lacking enough money for both bus fare home and a hotel, complainant decided to wait for her bus in the bus station. Around 4 A.M. defendant approached complainant and struck up a conversation with her. Shortly thereafter, defendant followed complainant to an upstairs restroom and then forced her up another flight of stairs and onto the roof. Once on the roof, defendant put his arm around complainant's neck and pulled her to a small building located on the roof. There, defendant removed his clothing and forced complainant to do the same. He then had intercourse with her. Afterwards, defendant wanted money and complainant gave him $100, her "ticket money." Defendant left, and complainant went to the lobby and called her mother who called the police. After his arrest defendant gave a statement to the police confessing to the crimes for which he was convicted.

In his first and second points, defendant contends that testimony given by a clerk from the bus station where the incidents occurred was irrelevant and prejudicial to the point of requiring reversal. Both points are founded on the following exchange between the prosecutor and the station clerk, Mr. Piper.

Q. (By [the State]) Mr. Piper, have you ever seen [the defendant] before?

A. On numerous occasions.

Q. Where?

A. At the bus station, or sometimes on the street. You know, walking around town or—you know—coming into work I'd see him on the street.

Q. Were you able to give the detectives any information regarding this individual?

A. Yes. I was. When I saw the picture, and you know, I didn't know the man's name, but I'd seen him down at the bus station on several occasions. I told them I'd seen him that afternoon at about 4:30 on my break, and we try and keep people out of the bus station that don't have tickets, you know, paying customers and that—we don't always have a security guard on duty at that time, just before one was getting ready to come on, and so I went to get a supervisor, and in the meantime he had already left the building, so you know, we didn't have any altercations with him that day. About two weeks before that—

MR. BERRIGAN: Objection, Your Honor. May we approach the bench?

In his first point defendant argues that the bus station clerk should not have been allowed to testify regarding the defendant's "frequenting" of the bus station and specifically should not have been allowed to say that defendant was in the station on the afternoon of the day the crime was committed. Defendant contends that such

information was irrelevant as to his whereabouts at the time of the crime and was unfairly prejudicial in that it created the impression that defendant frequented the bus station "to prey upon other victims in a similar manner."

Relevancy relates to the tendency of the evidence to prove the proposition to which it is directed. *Stapleton v. Griewe*, 602 S.W.2d 810, 814 (Mo.App.1980). The clerk's testimony was not irrelevant as defendant contends, but showed how the clerk was acquainted with defendant, and how he was able to identify him. It was upon the clerk's tip to the police that if defendant was not at the one bus station, then he was probably at the one across town that led the police to defendant. Even if the admission of the testimony had been improper, defendant has in no way demonstrated how he was prejudiced by its admission. In light of his confession a showing of prejudice would be difficult. The point lacks merit.

■ In his second point defendant argues that the bus clerk made reference to defendant's involvement in an altercation at the bus station which occurred about two weeks before the incident with complainant. Defendant refers to the last sentence of the clerk's testimony that is set out above. The station clerk had said that they had not had an altercation with defendant on the day of the crime. The clerk then began his next sentence with "About two weeks before that—." Defense counsel interrupted the statement with an objection. The prosecutor approached the bench and said he would not pursue the line of questioning, and defense counsel requested that the jury be admonished to disregard the clerk's comment of "About two weeks before that." The judge overruled the motion.

Defendant now claims that the trial court's refusal to instruct the jury to disregard the statement denied defendant a fair trial. He argues the statement was a reference to another crime unrelated to the crime for which defendant was being tried. As the trial judge noted, there is nothing prejudicial about "two weeks ago." Defense counsel effectively aborted the clerk's statement in mid-sentence. That something may have happened two weeks prior to the crime is so inferential and tenuous as to render any effect negligible and harmless. Contrary to appellant's contention, there is not a reference to another crime. The point is devoid of merit.

■ In his final point, defendant claims the trial court erred in failing to grant a mistrial when the police detective testified that he knew the photograph array shown him at trial was the same array he had shown complainant because the initials of complainant and the date were on the back of defendant's photograph. Defendant argues that testimony by a third person concerning the extrajudicial identification, not preceded by impeachment of the victim's identification, denied defendant a fair trial. Defendant relies on *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972). *Degraffenreid* held that testimony by a third person regarding an extra-judicial identification is inadmissible hearsay. *Id.* at 63–64.

Even assuming that the detective's testimony could be categorized as hearsay and so prejudicial as to constitute reversible error, defendant's point is moot since the handdown of *State v. Harris*, 711 S.W.2d 881 (Mo.1986). *Harris* holds that there is no logical distinction between a victim's testimony regarding an extra-judicial identification and the testimony of a police officer who witnessed the identification. *Id.* at 884. Testimony of the police officer is admissible to the same extent as the testimony of the victim would be, and the *Degraffenreid* rule that distinguishes the two classes of testimony on hearsay considerations is no longer to be followed. *Id.* Defendant's point is without merit.

The judgment of the trial court is affirmed.