**STATE of Missouri, Plaintiff–Respondent,**

v.

**Gregory Dean LLOYD, Defendant–Appellant.**

No. 53196.

Missouri Court of Appeals, Eastern District, Division Four.

April 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 6, 1988.

Application to Transfer Denied June 14, 1988.

William L. Webster, Atty. Gen., Jared R. Cone, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

SIMON, Presiding Judge.

Defendant, Gregory Dean Lloyd, was convicted by a jury in the Circuit Court of the City of St. Louis of unlawful possession of a concealable firearm, § 571.070 RSMo (1986), and sentenced to ten years in prison. On appeal, defendant contends that the trial court erred in: (1) allowing a third-party, a police officer, to testify about the victim's out of court identification of defendant because said testimony constituted hearsay bolstering of an unimpeached witness; and, (2) refusing to grant a mistrial when the prosecutor referred to defendant's prior convictions in closing arguments, which went beyond the proper use of prior convictions to affect defendant's credibility. We affirm.

Since defendant does not challenge the sufficiency of the evidence, which is supportive of the guilty verdict, a brief statement of the facts follow. On March 19, 1986, at about 3:30 p.m., Layla Abdallah was at the cash register of Andy's Market, a grocery store located at 1393 Hodiamont, in the City of St. Louis. Andy Abdallah, the owner, was in the back of the store doing paperwork. Two youths began to harass Mrs. Abdallah and Mr. Abdallah asked them to leave. A third man approached, produced a gun and demanded that Mrs. Abdallah open the cash register. The man began shooting as Mr. Abdallah approached and Mr. Abdallah was shot in the stomach. A fight ensued with Mr. Abdallah knocking the gun from the man's hand, then seizing the gun and firing some shots. A second gun was produced, but there was disputed evidence about whether Mr. Abdallah or the defendant had produced it. The fighting continued on the street with Mr. Abdallah blacking out and the gunman running off with the guns. Present during the incident was a customer, Alma Jean Nelson, who testified for the defendant at trial. Both Mr. and Mrs. Abdallah identified defendant in court as gunman.

Officers responding to the call on the shooting found Mr. Abdallah toward the back of the store on the floor. No guns were recovered on the premises.

At the same time other officers answered a dispatch "for a person that had been shot" in the 5800 block of Page. Arriving at 5870 Page, they found blood on the sidewalk, stairs, and porch. A young woman, later identified as defendant's cousin, answered the door and reluctantly allowed the officers to enter after they informed her that they were looking for an injured individual who was possibly involved in the commission of a crime. The officers were directed to the rear bedroom, where they found the defendant under the bed. The officers arrested him and took him to St. Louis Regional Hospital.

Shortly afterwards, Mrs. Abdallah was brought to Regional Hospital, where she positively identified the defendant as the gunman. At a later police lineup, Mrs. Abdallah again identified defendant as the gunman who shot her husband. Mr. Abdallah and Alma Jean Nelson were also present at the lineup according to the testimony of Mrs. Nelson, Mrs. Abdallah, and

Officer Abraham Reddick. In court, Mr. Abdallah was unable to clearly respond to questions regarding his presence at the lineup. Officer Reddick testified that both Mr. and Mrs. Abdallah identified the defendant as the gunman at the lineup.

For the defense, defendant testified on his own behalf, with his cousin and Alma Jean Nelson also testifying.

■ In his first point, defendant argues that the testimony of Officer Reddick concerning Mr. Abdallah's pretrial identification was hearsay bolstering of an unimpeached witness, and constituted a denial of his rights to confront the witness, in that Mr. Abdallah did not recall seeing a lineup and therefore could not be cross-examined on his out of court statement.

At trial Mr. Abdallah testified on direct examination as follows:

Q. [PROSECUTOR] How long were you in the hospital?

A. Eleven, twelve days.

Q. Twelve days. After that did you ever go to the police station for any reason?

A. Police station?

Q. Yes, did you go down [sic] the police station on some date and time after you got out of the hospital?

A. They called me here, yes, I came after I—I came to the jury.

Q. Okay.

A. That's the first time I—they called me here.

Q. After you went to the—you talking about the—well, okay. Did you ever go down to the police station to see a lineup?

[DEFENSE ATTORNEY]: Objection, leading.

A. See a lineup—

THE COURT: Overruled.

A. I seen it here in this—

[DEFENSE ATTORNEY]: Objection, Your Honor.

Q. [PROSECUTOR]: Yes or no?

A. No.

[DEFENSE ATTORNEY]: In response to—

THE COURT: Sustain the objection.

[DEFENSE ATTORNEY]: In response to that question—

THE COURT: Sustain the objection to the last question.

A. My wife did go to the police but not me.

It is obvious from the record that Mr. Abdallah has a language difficulty. Earlier, the trial court judge recognizing the problem, stated for the record:

THE COURT: I understand. The objection will be overruled. I'll make a record with regard to this. The gentleman has a difficult time explaining and speaking English and as a result of that I'm going to permit some leading questions and that will be for the record at this time.

Later, on direct examination officer Reddick testified that Mr. Abdallah was present at the lineup and identified the defendant. Defendant's objection to the testimony was overruled in the following exchange:

[DEFENSE ATTORNEY]: Mr. Abdallah already testified that he didn't view a lineup or didn't remember viewing a lineup. I think it's improper for this officer to be allowed to say that Mr. Abdallah made an identification when he himself said he didn't.

THE COURT: Well, I don't know under the circumstances of this case with the manner in which Mr. Abdallah testified and the difficulty that he was having with the questions and responding to the questions. I cannot say for sure that his testimony was in some aspects of it, and I just don't know because of those circumstances—as I said before that's why I was permitting leading questions. This officer can testify as to whether or not the person viewed the lineup and whether he made an identification. Whether or not the person says he didn't, that goes to the credibility and I don't know whether—any way to handle it. If this officer viewed the action there and saw what took place.

[DEFENSE ATTORNEY]: And you will note my objection?

THE COURT: Sure. Objection is overruled.

Officer Reddick's testimony neither corroborates not contradicts Mr. Abdallah's testimony, because of the absence of a clear answer to questions about his presence at the lineup. At most, Officer Reddick's testimony is merely a clarification and explanation of Mr. Abdallah's testimony. Further, the record indicates that both Mrs. Abdallah and defense witness Alma Jean Nelson testified that Mr. Abdallah was present at the police line up.

The admission of third-party testimony concerning a witness's pretrial identification was addressed in *State v. Harris*, 711 S.W.2d 881 (Mo. banc 1986). In that case a robbery victim viewed a lineup the evening of the crime and identified the defendant as the assailant. In court the victim testified to the identification, as did the officer present at the lineup.

Our Supreme Court in *Harris* overruled the prohibition previously made in *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972) against third party testimony and held that otherwise competent evidence is no longer presumptively inadmissible where the declarant and the corroborating witness both testify and are subject to cross-examination. *Id.* at 884[2]. Here, Mr. Abdallah and Officer Reddick both testified and were subject to cross-examination and re-cross-examination. Thus, the defendant had a full and fair opportunity to cross-examine the witnesses. *See U.S. v. Owens*, —— U.S. ——, 108 S.Ct. 838, 842, 98 L.Ed.2d 951 (1988).

In determining the competency of Officer Reddick's testimony, we are guided by *Harris*, wherein our Supreme Court stated:

If the fact of lineup or photographic identification in itself is relevant and material, then the prosecutor, or the defense should be able to prove or disprove the identification by any competent testimony.

In so holding we adopt the view of a substantial number of state and federal courts as to the competence of third party testimony regarding pretrial identification. Instructive is Federal Rule of Evidence 801(d)(1)(C), defining as "not hearsay" a declarant's statement "of identification of a person made after perceiving him" where the declarant both "testifies" and is "subject to cross-examination concerning the statement."

*Harris*, at 885[3]. *See* D. Louisell & C, Mueller, Federal Evidence § 421, p. 204–215 (1980). *See also* McCormick on Evidence § 251, p. 747–48 (3rd Ed.1984).

We conclude that the trial court did not err in permitting Officer Reddick's testimony.

■ In his second point, defendant challenges two rulings of the trial court concerning the prosecutor's comments made during closing argument about the defendant's prior convictions. During the state's closing argument the following occurred:

[PROSECUTOR]: No, he says he goes to the bedroom, doesn't say anything to them, doesn't hear them talking to him. I think that helps a little bit. I think he had a gun, okay, Mr. Abdallah said he had a gun, Mrs. Abdallah said he had a gun. I think he had a gun. He knows he's got a prior conviction, he knows he's not supposed to have a gun—

[DEFENSE ATTORNEY]: Objection, Your Honor. That's beyond the evidence and improper argument.

THE COURT: Overruled.

[PROSECUTOR]: He knows he's not supposed to have a gun, he's got problems. He doesn't want to talk to the police. I think that helps show the defendant had a gun.

The defendant contends that the prosecutor intended to use his prior conviction to advance a theory of criminal intent.

During the trial, the defendant testified on his own behalf and admitted to two prior convictions for robbery and marijuana possession. According to the defendant, he did not possess a gun when he was in the store. He claimed that Mr. Abdallah started shooting, resulting in the defendant receiving wounds to his face and left hand. Mr. Abdallah was allegedly struggling with another man, when the defendant ran to his cousin's house to take care of his inju-

ries. The defendant also stated that the police found him sitting on the bed in the back bedroom when they arrived.

██ It is well settled that when a defendant testifies on his own behalf, his testimony is subject to argument on credibility, the same as any other witness. *State v. Harris*, 622 S.W.2d 330, 335[8] (Mo.App.1981). In a criminal prosecution, the state has an absolute right to show the prior convictions of a defendant who has testified for the sole purpose of affecting defendant's credibility and to argue this to the jury. *State v. Thomas*, 674 S.W.2d 131, 136 (Mo.App.1984).

██ We are also mindful that the trial court is vested with broad discretion in controlling argument of counsel. *State v. Wren*, 643 S.W.2d 800, 802[3, 4] (Mo.1983).

Seen in the light of the defendant's testimony, the prosecution's argument was a demonstration to the jury that the defendant's version of the robbery lacked credibility, as did the defendant himself. We cannot say that the trial court abused its discretion in allowing the prosecutor's comments during closing argument.

The defendant challenges a second ruling of the court which occurred in the following exchange:

[PROSECUTOR] You've got a fellow here with three convictions that's testifying from this stand. Now, he testified himself what the results of those convictions were, that he got probation. Okay. *This is his third one.* Okay.

[DEFENSE ATTORNEY]: Objection, Your Honor, that is an improper use of the—that's an improper argument based upon that evidence.

THE COURT: I sustain the objection with regard to that argument. Jury will be instructed to disregard it.

[PROSECUTOR]: I won't say any more.

[DEFENSE ATTORNEY]: Could I approach sidebar?

THE COURT: No.

[DEFENSE ATTORNEY]: I'd request a mistrial based on that improper argument.

THE COURT: That will be denied. Jury is instructed to disregard the last comment of the attorney.

[PROSECUTOR]: I will not say any more about that, okay. However, you can look to that to find whether you believe him or not and I would state to you that his story is a little bit incredible, okay, and you can find that by looking at the evidence.

(Emphasis ours). Defendant asserts that the trial court erred in failing to declare a mistrial after prosecutor referred to the defendant's prior convictions, which clearly urged the jury to convict on the basis of his record.

██ A declaration of mistrial rests soundly within the discretion of the trial court because, by virtue of having had the opportunity to observe the incident precipitating the request for mistrial, the trial court is in a better position than an appellate court to determine the prejudicial effect, if any, that the incident had on the jury. *State v. Anderson*, 698 S.W.2d 849, 852–53[7] (Mo. banc 1985). We also bear in mind that the declaration of a mistrial is a drastic remedy to be employed only in the most extraordinary of circumstances. *State v. Gilmore*, 681 S.W.2d 934, 943[21–23] (Mo. banc 1984). "Ordinarily, the court's admonition to the jury to disregard improper argument will be deemed to cure its prejudicial effect, unless the prosecutor, thereafter, fails to abandon the improper argument." *State v. Cannady*, 660 S.W.2d 33, 40[16, 17] (Mo.App.1983).

██ Here, the jury was admonished to disregard the reference to the defendant's prior convictions at defendant's request. The prosecutor did not broach the subject again. We conclude that the trial court did not abuse its discretion in refusing to declare a mistrial.

Judgment affirmed.

CRANDALL and GRIMM, JJ., concur.