**Lucille CALVIN, Movant–Appellant,**

v.

**STATE of Missouri,**
**Respondent–Respondent.**

No. 54837.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 7, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 3, 1989.

Application to Transfer Denied
May 16, 1989.

---

Janis C. Good, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, after an evidentiary hearing, of her Rule 27.26 motion. We affirm.

A jury convicted movant of second degree robbery; the court sentenced her as a persistent offender to 20 years' imprisonment. We affirmed on direct appeal. *State v. Calvin,* 706 S.W.2d 485 (Mo.App. 1986).

The state presented a strong case. Movant and her co-defendant, by force, stole currency and a money order from the victim, who, being attacked from behind, was unable to identify her assailants. The victim's companion saw movant and her co-defendant running from the scene, and reported the robbery. The companion had also seen movant on numerous previous occasions, and had seen her earlier in the evening of the robbery. Police apprehended movant and her co-defendant in a location apparently two blocks from the robbery scene. There the victim's companion identified movant as one of the persons he had seen. Movant's co-defendant possessed a money order.

At trial, the companion identified movant and described his earlier identification at the robbery scene. Three police officers who witnessed the earlier identification were also called to testify. Counsel filed a motion to suppress testimony as to the companion's identification; the motion was overruled. Prior to the first police officer's testimony, counsel objected, on hearsay grounds, to his testifying as to the companion's identification. He renewed his objection as the officer described the identification. The court overruled both objections. When similar testimony was elicited from the other two officers, no objection was made. Movant's co-defendant testified that she and movant did not commit the robbery; that they were somewhere else at the time; that she found the money order on the street, not realizing what it was until a police officer took it from her pocket. She also testified that the victim's companion said "Yes, that's them" when he arrived at the location where police apprehended her and movant.

On appeal, movant contends that counsel was ineffective because his objection was limited to hearsay, and should, instead, have been based on improper bolstering.

Movant further contends counsel was ineffective for failing to object at all to similar testimony from the second and third police officers. The motion court concluded counsel was not ineffective, and that, in any event, movant was not prejudiced by counsel's representation.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

In *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972), the Supreme Court held that testimony of a secondary witness introduced to corroborate an identifying witness's unimpeached testimony concerning an extrajudicial identification was inadmissible hearsay. This case was controlling when defendant was tried.

The Missouri Supreme Court, for all intents and purposes, overruled *Degraffenreid* in *State v. Harris*, 711 S.W.2d 881 (Mo. banc 1986). A careful reading of *Harris*, we believe, resolves this case. Judge Rendlen, speaking for the court said:

> [A]n identifying witness may testify concerning his pretrial identification of a suspect.... To the same effect it was stated in *State v. Quinn*, 594 S.W.2d 599, 603 (Mo. banc 1980) that testimony by the identifying witness "is not improper bolstering and it is not hearsay because it is direct testimony as to a fact

about which the witness had personal knowledge.

> *Degraffenreid* refused to extend this rationale to testimony of third persons who observed the witness make the pretrial identification, absent prior impeachment of the identifying witness on that issue. ... The underlying concern appears to have been not so much the hearsay quality of the testimony but the fact that it was employed for the purpose of unprovoked bolstering of the identifying witnesses' testimony....
>
> ....
>
> Where *Degraffenreid* type evidence has been allowed, appellate decisions have gone through the formality of finding error, but no reversible error because of the strength of the case against the defendant. In instances where objection to such evidence has been sustained but mistrial refused, deference has been shown the trial court's exercise of discretion in overruling the motion. Where evidence has been allowed but not objected to, such has typically been deemed not to have constituted plain error. Finally, some cases have distinguished *Degraffenreid* on the thin ground that the officer's testimony concerning the identification did not specifically state who was identified.
>
> Despite the uniformity of result in these cases, analysis has varied under the labels of cumulative evidence, prior consistent statements, bolstering testimony and hearsay, with the terms sometimes used interchangeably. The underlying issue and proper concern, however, has always been to what extent a witness' in-court identification may be bolstered with testimony concerning extrajudicial identification, which is usually a matter of trial court discretion. Yet *Degraffenreid*, distinguishing the victim's testimony from that of a third person, fashioned a per se rule against third person, unimpeached testimony describing the same as inadmissible hearsay.
>
> As demonstrated in the cited cases, the *Degraffenreid* rule has rarely resulted in reversible error. It *has* however produc-

ed the formalistic ritual of appellate courts labeling this class of evidence according to the characterizations outlined above in order to avoid reversal, and undoubtedly has often led to exclusion of probative evidence by trial courts. The issue then, is whether testimony by a police officer or similar witness to a line-up or other extrajudicial identification should be admissible to the same extent as similar testimony by a crime victim who may testify that he identified the defendant in a lineup or other extrajudicial identification. There is no logical distinction between the victim's testimony and that of another person. To the extent that the *Degraffenreid* rule distinguishes these two classes of testimony based on hearsay considerations, the case is no longer to be followed. This does not foreclose the trial judge in his discretion from sustaining objections to such evidence based on other traditional grounds, but we hold today that such evidence is no longer presumptively inadmissible where declarant and the corroborating witness both testify and are subject to cross-examination.

It must be noted that *Degraffenreid* was technically correct in categorizing the victim's testimony as non-hearsay based on matter within his knowledge, while the third person or police officer's testimony are hearsay statements of what the victim said or did out of court. Nevertheless, this facile distinction fails to address the fact that in neither case does this testimony significantly relate to the underlying truth of what is being asserted—namely, that the one named in pretrial identification is the perpetrator of the crime. What this testimony does have in common is that it goes to the fact and reliability of the pretrial identification itself, in a chain-of-custody sense. If the fact of lineup or photographic identification in itself is relevant and material, then the prosecutor, or the defense should be able to prove or disprove the identification by any competent testimony.

(Footnotes and citations omitted.)

It is apparent from a reading of all cases on this issue prior to *Harris* that counsel's objection in this case was sufficient to alert the trial court to the nature of the complaint. We note that in *Degraffenreid,* counsel's objection was that the secondary witness's testimony was cumulative, repetitious, lacked probative value and was prejudicial. No mention was made of hearsay, yet hearsay is the basis of the court's decision. As Judge Rendlen noted, labels attached to the objection on this issue have been hearsay, prior consistent statements, bolstering testimony, cumulative evidence, or a combination of the foregoing.

We believe counsel's objection prior to the first officer's testimony was sufficient to raise a *Degraffenreid* objection.

■ We can see no prejudice to movant resulting from counsel's failure to object to the testimony of the other two officers. This is the case especially in light of co-defendant's testimony that the victim's companion identified movant and co-defendant in the officers' presence.

The motion court's findings that counsel was not ineffective and that movant suffered no prejudice are not clearly erroneous.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.