STATE of Missouri, Respondent,

v.

Lawrence WADE, Appellant.

Lawrence WADE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 65736, 67912.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 23, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 4, 1996.

Application to Transfer Denied
Aug. 20, 1996.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Defendant Lawrence Wade appeals the judgment entered on his conviction by a jury for first degree robbery, § 569.020, RSMo1986, for which he was sentenced as a class X offender, § 558.019, RSMo Supp. 1993, to a prison term of 25 years. He also appeals the denial, without an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. These appeals have been consolidated for review pursuant to Rule 29.15(*l*). We affirm.

The evidence adduced at trial showed that Carl Whitfield, his cousin, and his cousin's friend left the Red Carpet Lounge on March 27, 1993 at approximately 1:25 a.m. As he left the lounge, Whitfield asked the security guard, Curtis Williams, to escort him to his car. Although Williams was unable to comply because of a distraction inside the lounge, he attempted to keep an eye on Whitfield. As Whitfield arrived at his car, which was parked in a well-lit spot approximately thirty feet from the lounge's entrance, a man approached him, drew a gun, and demanded he give the man his necklace. The man pointed the gun at Whitfield's side as three or four more men robbed him. These men took Whitfield's necklace, watch, two rings, car keys, bracelet, wallet, and $15.00. Then, the men escaped.

During the entire course of the robbery, which lasted about one minute, Whitfield focused his attention on the initial gunman. He recognized the gunman as a person he had seen and briefly bumped into inside the lounge that evening. During a photographic lineup, on April 7, 1993, Whitfield identified a picture of defendant as the gunman. Approximately one month later, Whitfield identified defendant in a live lineup. Williams, who observed part of the robbery from near the lounge's entrance, also identified defendant in a photographic lineup.

At trial, defendant presented no witnesses other than himself. He testified that he had been in the lounge the evening of the robbery, but had left around 1:00 a.m. to take some friends home. After trial, defendant was found guilty of first degree robbery. On October 19, 1994, he filed a timely pro se Rule 29.15 motion for post-conviction relief. He was supplied an attorney and filed an amended motion on January 24, 1995. The trial court denied both motions and issued findings of fact and conclusions of law on January 26, 1995. Defendant appeals the judgment and the denial of his motions in a timely manner.

In his first point on appeal, defendant contends the trial court plainly erred in accepting a guilty verdict after the prosecutor referred to defendant's prior convictions for the illegitimate purpose of establishing defendant's propensity to commit felonies as well as for the legitimate purpose of impeachment. He asserts the prosecution devi-

ated from the proper use of prior convictions when the prosecution stated during closing arguments, "what is the case is that Lawrence Wade committed his fifth felony on the night of March 26th." We disagree.

When determining the legitimacy of the prosecution's statements, we do not analyze them in isolation. *Id.* Instead, we view them in the context of the entire closing arguments. *Id.* When viewed in context we find the prosecution's comments were directed at comparing defendant's credibility to the credibility of the State's witnesses. The trial court's acceptance of the jury's guilty verdict after these comments did not create manifest injustice or a miscarriage of justice. Thus, the trial court did not plainly err. Point denied.

■ In his second point, defendant contends the trial court erred in admitting a police report into evidence and permitting the prosecution to publish the report to the jury. The police report contained Whitfield's description of his primary assailant. The facts relevant to this point are as follows: Whitfield testified that he described his assailant to the police simply as a black man with curly hair. Whitfield expressly testified that he did not give the police a more detailed description. A police officer then testified that Whitfield did give a more detailed description which included the assailant's hair style, skin tone, and approximate height and weight. The police officer testified that he recorded this information on the description page of his police report. The police report was offered into evidence. Defendant did not object to the officer's testimony, but did object to admitting the police report into evidence on the grounds of improper bolstering.[1] The trial court overruled this objection. On appeal, defendant argues that the report improperly bolstered Whitfield's testimony regarding his assailant's description. Defendant asserts that the admittance and publication of the police report adds credence to Whitfield's testimony based, not on the substance of the report, but on the stature of the official looking document. We disagree.

■ The issue of control of cumulative evidence is generally committed to the reasonable discretion of the trial court. *State v. Simmons,* 861 S.W.2d 128, 134 (Mo.App. 1993). We defer to the trial court absent an abuse of that discretion. *Id.* "The state, especially in view of its heavy burden, should not be unduly limited in the amount of evidence it adduces." *State v. Welty,* 729 S.W.2d 594, 600 (Mo.App.1987).

Defendant apparently urges us to apply the evidentiary rule established in *State v. Degraffenreid,* 477 S.W.2d 57, 64 (Mo. banc 1972) and modified in *State v. Harris,* 711 S.W.2d 881 (Mo. banc 1986). In *Degraffenreid,* the Missouri Supreme Court reversed the trial court's admittance of a police officer's testimony which corroborated an eyewitness' testimony regarding his identification of defendant during two lineups when such testimony had not been impeached. *Degraffenreid,* 477 S.W.2d at 64–65. The court held that, under these circumstances, the police officer's testimony constituted inadmissible hearsay and improper bolstering. *Id.* Fourteen years later, the Supreme Court partially reversed itself. *Harris,* 711 S.W.2d at 881–85. In *Harris,* the trial court, over an objection, admitted cumulative testimony by a police officer regarding an eyewitness' identification of the defendant during a lineup. The Supreme Court rejected the *Degraffenreid* court's decision to "fashion[ ] a *per se* rule against third person, unimpeached testimony which described the same as inadmissible hearsay." *Harris,* 711 S.W.2d at 884. But, the Supreme Court preserved the discretion of the trial judge to sustain objections to such testimony based on other traditional grounds, such as bolstering or cumulative evidence. *Id.* The court went on to note that even though a *per se* rule was fashioned in *Degraffenreid,* the rule had "rarely been an impediment to affirmance of convictions." *Harris,* 711 S.W.2d at 883. Following this trend, the court held it was not error to have allowed the challenged testimony. *Id.,* at 885.

If we were to apply *Degraffenreid* and *Harris,* we would affirm the trial court's

---

1. We note that, at trial, defendant also objected on hearsay grounds. Because he does not raise the issue of hearsay on appeal, we need not address it.

ruling because defendant did not object to the police officer's testimony, but to the police report that accompanied this testimony. Even if defendant's objection was sustained, Whitfield's credibility would have been bolstered by cumulative testimony. Therefore, the instant defendant would not have been prejudiced.

However, we refuse to apply the modified *Degraffenreid* rule here. *Harris* and *Degraffenreid* are distinguishable. In those two cases, the police officer testified that an eyewitness identified the defendant with particularity by pointing him out during a line-up. *Degraffenreid,* 477 S.W.2d at 62; *Harris,* 711 S.W.2d at 882. Here, the police officer testified that an eyewitness provided a general physical description which did not include any distinctive details. *See State v. Ashford,* 620 S.W.2d 445, 447 (Mo.App.1981). Because the cumulative evidence in the instant case referred to a description given by a witness rather than actual extrajudicial identification of the defendant, as in *Degraffenreid* and *Harris,* it does not have the propensity to lend credence to any material testimony by Whitfield. The trial court did not abuse its discretion in admitting and publishing the police report. Point denied.

■ In his third and fourth points on appeal, defendant asserts the motion court erred in denying an evidentiary hearing on his Rule 29.15 motion which alleged ineffective assistance of counsel. Our review is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(j). Its findings and conclusions are clearly erroneous only if a full review of the entire record leaves us with a definite and firm impression that a mistake has been made. *State v. Feltrop,* 803 S.W.2d 1, 20 (Mo. banc 1991).

■ To obtain an evidentiary hearing on his post-conviction relief motion, defendant must meet three requirements: (1) he must allege facts, not conclusions, which if true, would warrant relief; (2) the factual allegations must not be refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to

his defense. *State v. Stallings,* 812 S.W.2d 772, 778–79 (Mo.App.1991).

■ In point three defendant contends the motion court erred in denying his request for an evidentiary hearing on his trial counsel's failure to produce Renee Futch, Rhonda Futch and Demetrius Beck as alibi witnesses at trial. Defendant alleges these witnesses were available and willing to testify and that trial counsel could have located them through reasonable efforts.

■ To obtain an evidentiary hearing for an allegation of failure to call witnesses, defendant must allege the witnesses could have been located through reasonable investigation, the witnesses would have testified if located and their testimony would have provided a viable defense. *State v. Daugherty,* 906 S.W.2d 812, 818 (Mo.App.1995).

During a pre-trial continuance hearing and during a post-trial Rule 29.07(b)(4) inquiry, trial counsel informed the court about his specific attempts to locate and subpoena the three alibi witnesses. Based on this information, the motion court found that trial counsel's reasonable investigation failed to locate two of the witnesses and that the third witness was unwilling to testify.

Our review of the entire record does not firmly convince us that the motion court made a mistake. The court did not clearly err in finding that defendant's allegations were conclusively refuted by the record.

We note that defendant argues the motion court improperly relied on unsworn statements made by trial counsel because such statements do not constitute competent evidence. However, Missouri courts have consistently considered and given credence to statements made by trial counsel during pre-trial and post-trial hearings when determining the effectiveness of counsel's assistance. *See Daugherty,* 906 S.W.2d at 818; *State v. Khoshaba,* 878 S.W.2d 472, 477–78 (Mo.App. 1994); *Gleason v. State,* 877 S.W.2d 254, 256 (Mo.App.1994); *State v. Ivy,* 869 S.W.2d 297, 300–01 (Mo.App.1994). Point denied.

■ In point four defendant contends the motion court erred in denying his request for an evidentiary hearing on his trial counsel's

failure to object to Whitfield's identification testimony.

Defendant's amended Rule 29.15 motion stated, "[t]rial counsel failed to properly object at trial to the identification of [defendant] in order to preserve the motion to suppress identification of [defendant]." The referenced motion to suppress stated, "[t]he circumstances surrounding the said out-of-(sic) identification were so inherently suggestive and conducive to mistaken identification as to violate due process. . . ." Neither document contained any specific factual allegations which would support a conclusory claim of suggestiveness.

The motion court did not clearly err in finding that defendant failed to allege facts, not conclusions, which if true, would warrant relief. The motion court properly denied an evidentiary hearing. Point denied.

The judgments of the trial and motion courts are affirmed.

PUDLOWSKI and SIMON, JJ., concur.